No. 15-35592

_____

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

_____

LEE WALTERS, M.D., an Oregon resident,

Plaintiff-Appellant,

v.

VITAMIN SHOPPE INDUSTRIES, INC., a Delaware corporation,

Defendants-Appellee.

_____

Appeal from the United States District Court for the
District of Oregon (Portland Division)

Civil Case No. 3:14-cv-01173-PK (Judge Anna J. Brown)

_____

**EXCERPTS OF RECORD**

_____

Robert A. Curtis, SBN 203870
Justin P. Karczag, SBN 223764
**FOLEY BEZEK BEHLE &
CURTIS, LLP**
15 W. Carrillo Street
Santa Barbara, CA 93101
Telephone: (805) 962-9495
Facsimile:  (805) 962-0722
Email: rcurtis@foleybezek.com;
       jkarczag@foleybezek.com

Brady Mertz, SBN 970814
**BRADY MERTZ PC**
345 Lincoln Street SE
Salem, OR 97302
Telephone: (503) 385-0121
Facsimile:  (503) 375-2218
Email: brady@bradymertz.com

*Counsel for Plaintiff-Appellant Lee Walters, M.D.*

# TABLE OF CONTENTS

07/17/2015  [DOC. 51]  NOTICE OF APPEAL TO THE 9TH CIRCUIT .................................................................. ER 001

06/25/2015  [DOC. 50] JUDGMENT ......................................... ER 003

06/25/2015  [DOC. 49]  ORDER DISMISSING SECOND AMENDED COMPLAINT ...................................... ER 004

05/13/2015  [DOC. 45]  ORDER ISSUED BY MAGISTRATE JUDGE PAPAK: REFERRING FINDINGS & RECOMMENDATION TO JUDGE ANNA J. BROWN FOR REVIEW .......................... ER 007

05/13/2015  [DOC. 44] FINDINGS & RECOMMENDATION  ER 009

11/24/2014  [DOC. 21]  SECOND AMENDED CLASS ACTION ALLEGATION COMPLAINT ................ ER 025

N/A  U.S. DISTRICT COURT, DISTRICT OF OREGON (PORTLAND): CIVIL DOCKET FOR CASE NO. 3:14-CV-01173-PK ................................ ER 044

Rick Klingbeil, OSB #933326
email: rick@klingbeil-law.com
RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fx: 503-427-9001

of Attorneys for Plaintiff
Additional attorneys listed on final page

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **LEE WALTERS, MD**, an Oregon resident,<br><br>                    **Plaintiff**,<br>         v.<br><br><br>**VITAMIN SHOPPE INDUSTRIES, INC.**, a Delaware corporation,<br><br>                    **Defendant**. | Case No. 3:14-cv-01173-PK<br><br>**NOTICE OF APPEAL** |

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

Notice is hereby given that plaintiff / potential class representative Lee Walters, MD in the above-named case hereby appeals for himself and the potential class of plaintiffs set forth in this action to the United States Court of Appeals for the Ninth Circuit from the Trial Court's Order and Judgment of Dismissal entered in this action as Document 49 and 50 on the court's docket on June 25, 2015.

**Dated:**  July 14, 2014.

Rick Klingbeil, PC

/s/ Rick Klingbeil

_____

Rick Klingbeil, OSB #933326
Of Attorneys for Plaintiff
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565

Additional Attorneys:

Brooks F. Cooper, OSB #941772
Brady Mertz, OSB #970814
Robert Curtis, *Pro Hac Vice*

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEE WALTERS, M.D.,                               3:14-cv-01173-PK

      Plaintiff,                               JUDGMENT

v.

VITAMIN SHOPPE INDUSTRIES, INC.,
a Delaware corporation,

      Defendant.

    Based on the Court's Order issued June 25, 2015, the Court

**DISMISSES** this matter **with prejudice**.

    DATED this 25th day of June, 2015.


                    /s/ Anna J. Brown

                  _____
                  ANNA J. BROWN
                  United States District Judge


1 - JUDGMENT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LEE WALTERS, M.D.,                          3:14-cv-01173-PK

              Plaintiff,                  ORDER

v.

VITAMIN SHOPPE INDUSTRIES, INC.,
a Delaware corporation,

              Defendant.


**BROWN, Judge.**

    Magistrate Judge Paul Papak issued Findings and
Recommendation (#44) on May 13, 2015, in which he recommends this
Court grant Defendant's Motion to Dismiss as to each of
Plaintiff's claims, deny as moot that portion of Defendant's
Motion in which Defendant seeks to strike Plaintiff's class
allegations, and dismiss Plaintiff's Second Amended Complaint

1 - ORDER

(#21) in its entirety with prejudice.  The Magistrate Judge also recommends this Court enter judgment in favor of Defendant and dismiss Plaintiff's claims in their entirety.  The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

Plaintiff filed timely Objections to Magistrate Judge Papak's Findings and Recommendation in which Plaintiff contends the Magistrate Judge erred when he found the contract that was formed between Plaintiff and Defendant when Plaintiff purchased the vitamins at issue was not unconscionable because Defendant did not violate Federal Department of Agriculture (FDA) labeling rules.  In the alternative, Plaintiff contends this matter should be stayed pending a determination by the FDA regarding the sufficiency of the labeling on the vitamin packages at issue.

This Court has carefully considered Plaintiff's Objections and concludes Plaintiff's Objections do not provide a basis to modify the Findings and Recommendation.  The Court also has reviewed the pertinent portions of the record *de novo* and does

2 - ORDER

not find any error in the Magistrate Judge's Findings and
Recommendation.


### CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and
Recommendation (#44) and, therefore, **GRANTS** Defendant's Motion to
Dismiss as to each of Plaintiff's claims, **DENIES as moot** that
portion of Defendant's Motion in which Defendant seeks to strike
Plaintiff's class allegations, and **DISMISSES with prejudice**
Plaintiff's Second Amended Complaint (#21) in its entirety.

IT IS SO ORDERED.

DATED this 25th day of June, 2015.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge


3 - ORDER

| | |
|---|---|
| **From:** | info@ord.uscourts.gov |
| **Sent:** | Wednesday, May 13, 2015 9:55 AM |
| **To:** | nobody@ord.uscourts.gov |
| **Subject:** | Activity in Case 3:14-cv-01173-PK Walters v. Vitamin Shoppe Industries, Inc. Findings & Recommendation Referred |

<span style="color:red">**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**</span>

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Oregon**

**Notice of Electronic Filing**

The following transaction was entered on 5/13/2015 at 9:54 AM PDT and filed on 5/13/2015

| | |
|---|---|
| **Case Name:** | Walters v. Vitamin Shoppe Industries, Inc. |
| **Case Number:** | [3:14-cv-01173-PK](#) |
| **Filer:** | |
| **Document Number:** | 45(No document attached) |

**Docket Text:**
<span style="color:blue">**ORDER issued by Magistrate Judge Paul Papak: Findings & Recommendation [44] is referred to Judge Anna J. Brown for review. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement. (gm)**</span>

**3:14-cv-01173-PK Notice has been electronically mailed to:**

Brooks F. Cooper     brooks@draneaslaw.com, sara@bcooper-law.com

Rick Klingbeil     rick@klingbeil-law.com, allport.ashley@gmail.com, rachelrosenberglaw@gmail.com

Brady H. Mertz     brady@bradymertz.com

Chad M. Colton      ChadColton@MHGM.com, AbigailAdams@MHGM.com, docket@MHGM.com

Robert A. Curtis      RCurtis@Foleybezek.com, aarndt@foleybezek.com, cconnors@foleybezek.com, jkassity@foleybezek.com, tmetzner@foleybezek.com

Angel A. Garganta      AGarganta@Venable.com

Micol Sordina Green      msgreen@venable.com, djprado@venable.com, lalitigationdocketing@venable.com, rlmeyerhoff@Venable.com

**3:14-cv-01173-PK Notice will <u>not</u> be electronically mailed to:**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LEE WALTERS, MD, an Oregon
resident,

        Plaintiff,

              v.

VITAMIN SHOPPE INDUSTRIES, INC.,
a Delaware corporation,

        Defendant.

3:14-CV-01173-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

    Plaintiff Lee Walters brings this action against defendant Vitamin Shoppe Industries, Inc.,

a Delaware corporation ("VSI"), alleging breach of contract, breach of warranty, unjust

enrichment, and fraud on behalf of a nationwide class of consumers of a set of products sold by

VSI, as well as violations of Oregon's Unlawful Trade Practice Act ("UTPA") on behalf of a

subclass of Oregon consumers.  This court has jurisdiction over this action pursuant to 28 U.S.C.

FINDINGS AND RECOMMENDATION - 1

§§ 1332(d)(2), the "Class Action Fairness Act."

Walters seeks temporary and permanent injunctions preventing VSI from engaging in further UTPA violations, reimbursement of reasonable costs and fees, restitution for the members of the nationwide class for the amount VSI was unjustly enriched, and monetary damages incurred by members of the nationwide class resulting from VSI's alleged breach of contract, breach of warranty, and fraudulent misrepresentation.

Now before the court is VSI's motion to dismiss (#24). I have considered the parties' filings, their arguments before the court, the supplemental briefs submitted following oral argument, and all of the pleadings on file. For the reasons that follow, VSI's motion should be granted in part and denied in part as moot.

## FACTUAL BACKGROUND[1]

Plaintiff and proposed class representative Lee Walters, M.D., is a medical doctor and an Oregon resident who purchased one package of "Calcium 1000 mg Caramel Chews" from VSI in May 2014 at the Lloyd Center Vitamin Shoppe in Portland, Oregon. VSI is a retailer of nutritional products and supplements. It sells national and proprietary brands of vitamins, minerals, herbs, specialty supplements, sports nutrition, and other health and wellness products primarily to customers in the United States. VSI is headquartered in North Bergen, New Jersey.

Walters' claims arise from the contention that the front-facing portion of various VSI products (the "Principal Display Panel") "misrepresent[s] the quantity and characteristics of the

---

[1] When considering the factual allegations on a Rule 12(b)(6) motion to dismiss, a court must take the complaint's allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *Kearns v. Tempe Tech. Inst., Inc.*, 39 F.3d 222, 224 (9th Cir. 1994). I construe the facts with these standards in mind.

FINDINGS AND RECOMMENDATION - 2

contents" contained within the products' packaging because the volume displayed thereon is "per serving" rather than "per unit." Second Amended Complaint ("SAC"), #21, ¶ 18, 22. To provide a representative example, the packaging for the Calcium 1000 mg Caramel Chews purchased by Walters does not indicate that the volume referenced in its title and upon its Principal Display Panel refers to the total volume per serving, which amounts to two 500 mg chews, rather than the total volume per chew. A customer must therefore consume two 500 mg chews in order to reach the 1000 mg amount advertised on the Principal Display Panel. The "per serving" information that reveals this fact, however, is available in the supplemental nutritional information section ("Supplemental Facts Panel"), which is located on the reverse side of the product's packaging and is "shelved to face away from the customer." *Id.* ¶ 25. Walters claims that the lack of information contained on the Principal Display Panel of the various VSI products containing this informational disparity ("VSI Products") creates "a substantial likelihood of confusion" for customers of VSI. *Id.* ¶ 18.

## PROCEDURAL BACKGROUND

Walters filed this action on July 23, 2014. His original complaint (#1) brought claims for violation of California's Consumer Legal Remedies Act, Unfair Competition Law and False Advertising Law, as well as Oregon's UTPA on behalf of two proposed subclasses of consumers. Complaint, #1, ¶¶ 68–90. Walters amended his complaint on November 3, 2014, to remove a prior plaintiff, "Jane Roe." First Amended Complaint ("FAC"), #18. Walters amended his complaint a second time on November 24, 2014, to state claims for common law fraud and unjust enrichment. Second Amended Complaint ("SAC"), #21.

VSI filed this motion December 11, 2014. Motion, #24. On February 11, 2015, the court

FINDINGS AND RECOMMENDATION - 3

heard oral argument on VSI's motion. At oral argument, Walters sought to file supplemental

briefing regarding two additional issues. Walters filed that brief on February 19, 2015 (#36).

VSI filed its response to that brief on February 25, 2015 (#37). The matter is now fully submitted

and ready for decision.

## LEGAL STANDARDS

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a

complaint must contain more than a "formulaic recitation of the elements of a cause of action";

specifically, it must contain factual allegations sufficient to "raise a right to relief above the

speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167

L.Ed.2d 929 (2007). To raise a right to relief above the speculative level, "[t]he pleading must

contain something more ... than ... a statement of facts that merely creates a suspicion [of] a

legally cognizable right of action." *Id.*, quoting 5 C. Wright & A. Miller, Federal Practice and

Procedure § 1216, pp. 235–236 (3d ed.2004); *see also* Fed.R.Civ.P. 8(a). Instead, the plaintiff

must plead affirmative factual content, as opposed to any merely conclusory recitation that the

elements of a claim have been satisfied, that "allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129

S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "In sum, for a complaint to survive a motion to

dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must

be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret

Serv.*, 572 F.3d 962, 970 (9th Cir. 2009), citing *Iqbal*, 129 S.Ct. at 1949.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained

in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial

FINDINGS AND RECOMMENDATION - 4

notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). In considering a motion to

dismiss, this court accepts all of the allegations in the complaint as true and construes them in the

light most favorable to the plaintiff. *See Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007).

Moreover, the court "presume[s] that general allegations embrace those specific facts that are

necessary to support the claim." *Nat'l Org. for Women v. Scheidler*, 510 U.S. 249, 256, 114 S.Ct.

798, 127 L.Ed.2d 99 (1994), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112

S.Ct. 2130, 119 L.Ed.2d 351 (1992). The court need not, however, accept legal conclusions "cast

in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

1981).

## DISCUSSION

VSI moves to dismiss Walters' claims for breach of contract, breach of warranty, unjust

enrichment, fraudulent misrepresentation, and violations of Oregon's UTPA for failure to state a

valid claim pursuant to Rule 12(b)(6). VSI additionally moves to dismiss Walters' claims

seeking injunctive relief and claims for products he did not purchase for lack of standing . VSI

also seeks to dismiss Walters' nationwide claims based on differences in state law or, in the

alternative, strike the class allegations contained in Walters' Second Amended Complaint.

Finally, VSI moves to dismiss Walters' fraud claim for failure to plead with particularity

pursuant to Rule 9(b). I will address each issue in turn.

## I.    Breach of Contract Claim

VSI first moves to dismiss Walters' breach of contract claim. As a preliminary matter, I

note that the parties agree that a contract for a sale of goods governed by UCC Article 2 was

formed when Walters purchased the Calcium 1000 mg Caramel Chews. Walters claim relies, in

FINDINGS AND RECOMMENDATION - 5

principal part, on the assertion that individuals paying the marked price for Accused VSI

Products "would receive a package containing the specified quantity of Units and that each of

those Units would contain the number of MG's or IU's of the ingredient as shown on the

Principal Display Panel," rather than the actual amount, as clarified by the Supplemental Facts

Panel. SAC, #21, ¶ 49. Walters considers the information contained on the Principal Display

Panel to contain contractual terms and the front-facing portion of the Accused VSI Products to

amount to a contractual offer. *Id.* ¶ 48. It is undisputed, however, that the Supplemental Facts

Panel contains the information required to determine the amount of units per serving, which is

the key "omitted" information that Walters argues constitutes a breach. SAC, #21, ¶ 22. The

parties' contention lies in these legal distinctions.

At the motion to dismiss stage, I must take all factual allegations made in the complaint

as true. I am not obligated, however, to accept legal conclusions in the same manner. *Twombly*,

550 U.S. at 555. To survive a motion to dismiss, a claim "must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. In

its motion, VSI argues against Walters' legal conclusion that the information contained on the

Principal Display Panel constitutes a contractual offer. VSI asserts that Walters' construction of

the terms of the alleged offer contravenes established law in that Walters' construction considers

only limited aspects of the VSI Products' packaging to constitute the terms of the offer and

subsequent contract. Def.'s Motion, #24, 36–37.

Oregon law requires that, when construing the contents of an instrument, a judge must

"ascertain and declare what is . . . contained therein," and that a judge must not "insert what has

been omitted, or [] omit what has been inserted . . . ." ORS 42.230. VSI argues, and I agree, that

FINDINGS AND RECOMMENDATION - 6

the terms of the "offer" contained on the Accused VSI Products' packaging are not limited to the Principal Display Panel; the terms must necessarily include the Supplemental Facts Panel as well. *See, e.g., DiTommaso Realty, Inc. v. Moak Motorcycles, Inc.*, 96 Or. App. 431, 436 (1989) (upholding a trial court's decision to enforce a contract and refusal to relieve a party from the terms thereof for the failure to read the fine print); *Placencia v. Wordl Sav. Bank, FSB*, 2011 WL 2460921 at *8 (D. Or. May 12, 2011) (Hubel, J.).

It is established in Oregon and elsewhere that a valid acceptance must mirror the exact terms of an offer and must not change or qualify those terms. *See, e.g., C.R. Shaw Wholesale Co. v. Hackbarth*, 102 Or. 80, 96 (1921). The information relevant to discerning serving size, the amount of product per unit, and the total volume of contained within the packaging for the Accused VSI Products is made available through the combination of the Principal Display Panel and Supplemental Facts Panel. SAC, #21, ¶ 22. Walters' contention centers on the fact that some relevant information is found only on the Supplemental Facts Panel, located on the reverse side of the product "in much smaller type." *Id.* In response, VSI compares the Supplemental Facts Panel to "fine print," and argues that individuals entering into contracts are not absolved from reading fine print when ascertaining the terms of the contract. Def.'s Motion, #24, 36 (citing *DiTommaso Realty, Inc.*, 96 Or. App. at 436). I agree with VSI that Walters' failure to account for the information contained in the terms printed on the packaging, whether on the front facing portion or the reverse-side, does not place VSI in breach of the contract formed by Walters' purchase of the product.

Walters argues that VSI's analysis "unnecessarily complicates the matter of when an advertisement constitutes an 'offer.'" Pl.'s Response, #31, 7. Presumably in an attempt to

FINDINGS AND RECOMMENDATION - 7

compare the front-facing portion of the Accused VSI Products to a contractually binding

advertisement, Walters cites to a recent case from this district regarding an advertisement for a

promotion entitling Shell brand gasoline customers to a free ski lift ticket with the purchase of

ten gallons of fuel. *Id.* (citing *Kearney v. Equilon, LLC*, No. 3:14-cv-00254-HZ, 2014 WL

6769697 (D. Or. Dec. 1, 2014)). The court noted that, in exceptional cases, advertisements may

be clear, definite, and explicit enough to "constitute an offer, acceptance of which will complete

the contract." *See Kearney*, 2014 WL 6769697 at *3 (citing *Lefkowitz v. Great Minneapolis*

*Surplus Store*, 251 Minn. 188 (1957)). The *Kearney* court therefore determined that it would be

premature to deny a breach of contract claim at the motion to dismiss stage of proceedings. *Id.* at

*5. The findings in *Kearney*, however accurate, are inapposite with regard to this case. Here,

there is no exceptional advertisement to consider and no similar factual dispute, as the contract at

issue and Walters' breach claim arise out of a purchase of a package that contains both a

Principal Display Panel and a Supplemental Facts Panel, the total contents of which provide the

relevant contractual terms.

Further, in his Response to VSI's motion to dismiss Walters' breach of contract claim,

Walters argues for the first time that VSI's labeling practices are "procedurally unconscionable,

and violate[] public policy" because they are not in compliance with Federal Department of

Agriculture ("FDA") rules regarding labeling. Pl.'s Response, #31, 16. Walters apparently

derives his "procedurally unconscionable" argument from the fact that the VSI Products'

Supplemental Facts Panel contains product measurement information not readily available to

customers looking only at the Principal Display Panel and this, Walters argues, violates 21

C.F.R. § 101.105. Pl.'s Supp. Br., #36, 2–3. That provision requires that a dietary supplement's

FINDINGS AND RECOMMENDATION - 8

Principal Display Panel contains "a declaration of the net quantity of contents" which are "expressed in the terms of weight, measure, numerical count, or a combination of numerical count and weight or measure." 21 C.F.R. § 101.105(a). Because the VSI Products' Principal Display Panels express the packages' contents in terms of numerical count, Walters argues that 21 C.F.R. § 101.105(c) is necessarily invoked. That provision requires a manufacturer to include additional weight and measurement information of individual units when the declaration of numerical count "does not give adequate information as to the quantity of food in the package." 21 C.F.R. § 101.105(c). Without more, this would be convincing. However, the FDA's interpretation of the qualifying language in 21 C.F.R. § 101.105(c), evinced by warning letters issued to ostensible violators of 21 C.F.R. § 101.105, shows that a failure to "give adequate information as to the quantity of food in [a] package" arises in situations involving incomparable products. *Accord* Colton Decl., #38, Ex. 5, 3; *see also* Def.'s Resp. to Pl.'s Supp. Br., #37, 5. Specifically, the FDA finds failure to provide adequate information, highlighted in Walters' Response to the instant motion, in situations where "the weight, measure, or size of the individual [food item] can vary greatly." *See, e.g.*, Colton Decl., #38, Ex. 5, 3. For this reason, I find that 21 C.F.R. 101.105(c) is not at issue here because VSI's products are uniform capsules and softgels, rather than food items that "can vary greatly." Walters provides no basis for his assertion, made only his in Response, that the terms presented on VSI's packaging are procedurally unconscionable or against public policy.

For all of these reasons, I find that the terms contained on both the front and rear portions of the Accused VSI Products constitute the "offer" that Walters accepted when purchasing the products. Accordingly, I refuse to omit the Supplemental Facts Panel from my construction of

FINDINGS AND RECOMMENDATION - 9

that contract, based on clear Oregon law. ORS 42.230. Therefore, there is no cognizable legal

theory supporting Walters' breach of contract claim, as all the terms of the contract were

available and agreed to, and that claim should therefore be dismissed with prejudice.

## II.    Breach of Warranty Claim

VSI next moves to dismiss Walters' breach of warranty claim on the basis that governing

Oregon law does not create a cause of action for a breach of warranty arising out of a contract for

the sale of consumables. Def.'s Motion, #31, 39. Oregon's UCC, rather than common law,

governs claims brought for breach of warranty. ORS 74.2070; *First Fid. Bank, N.A. v. First

Interstate Bank of Or., N.A.*, 716 F. Supp. 1359, 1362 (D. Or. 1989).

VSI properly points out that the UCC governs transactions for the sale of goods, and

draws a distinction between "consumer goods" and "consumables." ORS 72.8010.

"Consumables" are "any product which is intended for consumption by individuals." ORS

72.8010(7). Notably, the UCC does not create warranty protections for consumables, and

specifically omits consumables from the definition of "consumer goods," for which implied

warranty protections do exist. *See* ORS 72.8010(1), (8)--(9). It is undisputed that the VSI

Products at issue fit squarely within the definition of "consumables."

In his Response, Walters does not argue in the affirmative that he has stated a claim to

relief for breach of warranty, and instead requests leave to amend the SAC to dismiss his claims

and add a breach of warranty claim under the Magnuson-Moss Warranty Act ("MMWA"), 15

U.S.C. § 2301. Ordinarily, a court should grant leave to amend unless it finds that amendment

of the claim would be futile. *See, e.g., Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th

Cir. 2008). I find that granting Walters' request would indeed prove futile, as the MMWA does

FINDINGS AND RECOMMENDATION - 10

not create or anticipate an independent warranty for consumables in the context of a limited warranty, which is analyzed here under Oregon law, and absent a state law warranty for consumables. Courts have dismissed claims seeking to bring action for breach of warranty under similar circumstances and, more importantly, have not preserved independent MMWA claims in their absence. *See, e.g., Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 903–04 (N.D. Cal. 2012). I agree with that approach and find it applicable to the limited warranty claims in the current case.

Therefore, because Walters identifies no warranty protection under Oregon's UCC for the products in question—which are "consumables"—and none exists based on an analysis of relevant law, Walters' breach of warranty claim fails to state plausible a claim to relief and therefore cannot survive a motion to dismiss. Further, Walters' request for leave to amend to bring a similar claim under the Magnuson-Moss Warranty Act would not cure the inherent defects that lead to this result. Walters' breach of warranty claim should be dismissed with prejudice.

## III.    Unjust Enrichment Claim

VSI next moves against Walters' unjust enrichment claim, arguing that it fails in light of a valid and legally enforceable contract existing between the parties.

To state a claim for unjust enrichment, Walters must establish that he conferred a benefit on VSI and that VSI knowingly and unjustly retained the benefit. *Summer Oaks Ltd. P'ship v. McGinley*, 183 Or. App. 645, 654, 55 P3d 1100, 1104 (2002). Unjust enrichment is a quasi contract claim. *Wilson v. Gutierrez*, 261 Or. App. 410, 414 (2014). Where, as here, a valid and legally enforceable contract exists, quasi contract claims are precluded. *Dost v. Nw. Trustee*

FINDINGS AND RECOMMENDATION - 11

*Serv., Inc.*, 2011 WL 5873058 *10 (D. Or. Nov. 21, 2011).

Walters' claim is grounded on the existence of a "valid legally enforceable contract" which precludes a claim of unjust enrichment, as such a claim is grounded on quasi contract. *Prestige Homes Real Estate Co. v. Hanson*, 151 Or. App. 756, 762 (1997), citing *Porter Const. Co. v. Berry et al.*, 136 Or. 80, 85 (1931) ("there cannot be a valid legally enforceable contract and an implied contract covering the same services"). In an effort to preserve his claim, Walters' argues that he pleads unjust enrichment in the alternative. He explains that if his breach of contract claim fails, then his argument for unjust enrichment should stand in its place. Pl.'s Response, #31, 12. However, as I have found that a valid and enforceable contract arose from the transaction at issue, Walter's unjust enrichment claim cannot survive.

For these reasons, Walters' unjust enrichment claim should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

## IV.    Fraud Claim

VSI next moves against Walters' fraud claim, arguing that it fails to satisfy the "justifiable reliance" element of fraud required by Oregon law because of the existence of a putative contract between the parties based on a purchase of the product and a generally held principle that "it is not reasonable to fail to read a contract before signing it." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1163 (9th Cir. 2012). I agree.

To establish fraud under Oregon law, a plaintiff must show: (1) a false representation of a material fact on behalf of the defendant; (2) that defendant was aware of the falseness of the representation at issue; (3) that the misrepresentation was intended to induce the plaintiff to act or refrain from acting; (4) that the plaintiff justifiably relied on the misrepresentation in acting;

FINDINGS AND RECOMMENDATION - 12

and (5) that the plaintiff was damaged by that reliance. *Pollock v. D.R. Horton, Inc.*, 190 Or. App. 1, 20 (2003) (quoting *In re Brown*, 326 Or. 582, 595, 956 P.2d 188 (1998)); *see also Oregon Pub. Employees' Ret. Bd. ex rel. Oregon v. Simat, Helliesen & Eichner*, 191 Or. App. 408, 423–24 (2004). VSI asserts that Walters' reliance on the alleged misrepresentation was not justifiable, as any failure by Walters to carefully read and compare the terms contained both within the Principal Display Panel and the Supplemental Facts Panel makes reliance on the inconsistencies in the volume represented by those panels unreasonable and unjustifiable.

In support of its position, VSI cites to a series of cases that support the notion that Walters' reliance was unreasonable based on his failure to read the terms contained on the Accused VSI Products in their entirety. These cases analyze a plaintiff's failure to safeguard her own interest; failure to investigate goods; failure to read a contract; and failure to identify easily intelligible material disclosures alleged to be misrepresentations. *See* Def.'s Motion, #24, 43–45 (collecting cases).

Under Oregon law, a claim for fraud is legally undermined where a valid contract has been formed and a party has simply failed to read the terms of that contract. *See, e.g., Knappenberger v. Cascade Ins. Co.*, 259 Or. 392, 398, 487 P.2d 80, 83 (1971) (finding a party bound by an insurance policy even though he was unaware of its terms because he failed to read the policy); *DiTommasso Realty, Inc.*, 96 Or. App. at 434. Further, "any failure by the plaintiff to understand the terms in the documents does not make the use of those terms by defendant fraudulent." *Placencia v. World Sav. Bank, FSB*, 2011 WL 2460921 at *8 (D. Or. May 12, 2011), citing *Knappenberger*, 259 Or. at 398, 487 P.2d at 83.

To establish justifiable reliance, a plaintiff must take some measure to safeguard her own

FINDINGS AND RECOMMENDATION - 13

interests. *Gregory v. Novak*, 121 Or.App. 651, 655, 855 P.2d 1142 (1993). Walters states that

the primary representation at issue, the 1000 mg total volume displayed on the Principal Display

Panel, was not overtly "predicated on the consumption of more than one [unit], or that it was not

an accurate representation of the quantity of [product] per each [unit]." SAC, #21, 6–7. Walters

effectively acknowledges that the totality of information was available to him, but that the

alleged misrepresentation itself, shown boldly on the front-facing portion of the product's

packaging, does not clearly require additional reading of the terms on the back of the packaging.

This argument is unconvincing. In similar situations, courts have held that individuals with some

familiarity with the subject matter or contractual terms at issue cannot show justifiable reliance

when all the terms were available to them. *Kreidler v. Taylor*, 473 F. Supp. 2d 1090, 1104

(D. Or. 2007). The availability of the information on the Supplemental Facts Panel undermines

any justifiable reliance in support of Walters' fraud claim.

　　　　For all of these reasons, VSI's motion to dismiss Walters' fraud claim for failure to state

a claim should be granted and that claim should be dismissed with prejudice.

## V.    UTPA Claim

　　　　VSI next moves to dismiss Walters' UTPA claim on the sole ground that Walters has

failed to allege that VSI's deceptive conduct has caused him harm. The SAC, however, contains

ample information showing that Walters "paid for what he reasonably believed was a certain

quantity of supplement, but instead received half as much product." Pl.'s Response, #31, 19; *see*

SAC, ¶ 48–57.

　　　　The UTPA requires little more than "an ascertainable loss" to support a claim. ORS

646.605; ORS 646.608. A loss is considered "ascertainable" under Oregon law when it may be

FINDINGS AND RECOMMENDATION - 14

"discovered, observed, or established." capable of being discovered, observed, or established."
*Scott v. W. Intern. Surplus Sales, Inc.*, 267 Or. 512, 515 (1973).

To the extent that Walters has not alleged economic harm and money damages, VSI's motion is well-received. Walters does not specifically allege an ascertainable harm sufficient to satisfy the UTPA.

Additionally, the court conducted supplemental oral argument on May 6, 2015, to address the relationship between Walters UTPA, breach of contract, and fraud claims. Specifically, the court heard additional argument on whether a UTPA claim can lie against the terms of a valid contract. In light of my findings above that the contract at issue is not "procedurally unconscionable," as alleged by Walters in his Response brief, that the contract does not violate public policy and that Walters can make no showing of justifiable reliance necessary to establish fraud, I find there is no basis for Walters' UTPA claims even if an "ascertainable loss" can be alleged. Fed. R. Civ. P. 56(f)(2) ("After giving notice and a reasonable time to respond, the court may . . . (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute"). For these reasons, I find that granting Walters leave to amend the infirmities of his UTPA would be futile and that claim should be dismissed with prejudice. *Kendall*, 518 F.3d at 1051.

/ / /

/ / /

/ / /

/ / /

/ / /

FINDINGS AND RECOMMENDATION - 15

## CONCLUSION

For the reasons set forth above, VSI's Motion to Dismiss (#24) for failure to state a claim should be granted as it applies to all of Walters' claims and those claims, along with this case, should be dismissed with prejudice.

Further, VSI's motion to strike class allegations, its motion to dismiss for lack of subject matter jurisdiction, and its motion to dismiss Walters' fraud claim pursuant to Rule 9(b) should be denied as moot. A final judgment should be prepared.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 13th day of May, 2015.

Honorable Paul Papak
United States Magistrate Judge

FINDINGS AND RECOMMENDATION - 16

Rick Klingbeil, OSB #933326
email: rick@klingbeil-law.com
RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fx: 503-427-9001

    of Attorneys for Plaintiff
    Additional attorneys listed on final page

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **LEE WALTERS, MD**, an Oregon resident,<br><br>        **Plaintiff,**<br>  v.<br><br>**VITAMIN SHOPPE INDUSTRIES, INC.**, a<br>Delaware corporation,<br><br>        **Defendant**. | Case No. 3:14-cv-01173-PK<br><br>**SECOND AMENDED CLASS ACTION ALLEGATION COMPLAINT**<br><br>**(1) Breach of Contract and Warranty**<br>**(2) State Unlawful Trade Practices**<br>**(3) Unjust Enrichment**<br>**(4) Injunctive Relief**<br><br><br>**JURY TRIAL DEMANDED** |

Pursuant to written consent of Defendant, Plaintiff individually and on behalf of the Class and Subclass described below amends his Amended Complaint and alleges as follows:

### NATURE OF THE CASE

1.      This is a proposed class action. Plaintiff, on behalf of himself and all similarly situated persons seek money damages and injunctive relief based on Defendant's acts and omissions. This

Page 1     SECOND AMENDED CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

ER 025

includes claims for breach of contract and warranty, unjust enrichment, fraud, and relief for a state of Oregon subclass based on violations of state consumer protection statutes related to unlawful or unfair trade practice acts.

2.      The claims relate to the marketing and sales of "THE Vitamin Shoppe" dietary supplements that are marketed, labeled, and sold with the inaccurate or misleading representation on the packaging indicating that they provide a certain milligrams ("MG" or "mg") or international units ("IU" or "iu") dosage per tablet, capsule, or chew ("Unit") and/or inaccurate or misleading representations indicating that the overall package contains a certain total number of MG's or IU's of supplement by stating the number of Units in the package and the MG or IU contained in each Unit.

3.      The products at issue are supplements sold under the "THE Vitamin Shoppe" trade name and label.  These include but are not limited to Activated Charcoal (100 quantity ("qty."), 520 mg, 560 mg), Ascorbyl Palmitate (100 and 300 qty., 500 mg), BioCell Collagen with Hyaluronic Acid (60, 180 qty., 1000 mg), C-1000 - Easy to Swallow (300 qty., 1000 mg), C-2000 Complex (100 and 300 qty., 2000 mg), Calcium 1000 (300 qty., 1000 mg), Calcium 1200 (240 qty., 1200 mg), Calcium 1000 - Easy to Swallow (100 and 300 qty., 1000 mg), Calcium Chocolate Chews (60 qty., 1000 mg), Calcium Caramel Chews (60 qty., 1000 mg), Coral Calcium (90 and 180 qty., 1500 mg), L-Arginine-Ornithine (300 qty., 2000 mg), Melatonin Gummies (60 qty., 5 mg), Red Yeast Rice (240 qty., 1200 mg), SAMe 200 Mg S-Adenosyl-L-Methionine (50 qty., 200 mg), Vitamin C Gummies (60 qty., 250 mg), Vitamin D3 Gummies (60 qty., 2000 iu), and Wheat Grass (500 qty., 500 mg). ("Accused VSI Products").

4.      Concurrent with filing this Second Amended Complaint for injunctive relief related to conduct within the state of Oregon, Plaintiff provided the required notice to Defendant VITAMIN SHOPPE INDUSTRIES, INC., pursuant to ORCP 32 H. Plaintiff has not included a claim for money damages for violations of Oregon law or statute in this Second Amended Complaint.

**THE PARTIES**

5.      Plaintiff / Class representative LEE WALTERS ("WALTERS") is an individual who resided in Multnomah County, Oregon and purchased one or more of the Accused VSI Products within Oregon

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

during the applicable class period.

6.        Defendant VITAMIN SHOPPE INDUSTRIES, INC. ("VSI") is incorporated in Delaware and headquartered at 2101 91st Street, North Bergen, New Jersey.

7.         VSI is a retailer of nutritional products. It sells both national brands and proprietary brands of vitamins, minerals, herbs, specialty supplements, sports nutrition and other health and wellness products ("VMS products") to customers located primarily in the United States. VSI operates from headquarters in North Bergen, New Jersey.

### JURISDICTION AND VENUE

8.        This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1367(a) and §1332, because: (a) Plaintiff is a resident of Oregon and Defendant is a Delaware corporation with its principal place of business in New Jersey, and (b) the damage claims exceed $75,000 in the aggregate.

9.        This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)(2), the "Class Action Fairness Act." On information and belief, there are over 100,000 Class Members in the proposed Class, over 10,000 members in the proposed Oregon Subclass, the amount in controversy exceeds $5,000,000, and Plaintiff and substantially all members of the Class are citizens or residents of different states than Defendant.

10.       This Court has personal jurisdiction over Defendant because it does business in the state of Oregon and this District and a significant portion of the wrongdoing alleged in this complaint took place here. Defendant has intentionally availed itself to markets and customers in the state of Oregon and this District through the presence of retail stores, marketing and promotion, and sales of products. Defendant has contacts with this state and District sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

11.       Venue is proper within the state of Oregon and this District pursuant to 29 U.S.C. §1391.

### DEFENDANT'S CONDUCT

12.       During the class period VSI sold both the "house brand" VSI Products labeled with the "THE Vitamin Shoppe" trade name on the label, and competing nutritional supplements and products

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

labeled with the trade or brand names of other manufacturers. Typically, a particular type of nutritional supplement such as VSI's house brand Vitamin C will be shelved near or adjacent to the same or similar product offering by a competitor.

13.     The face or front facing portion of packaging for nutritional products is called the "Principal Display Panel" by the United States Food and Drug Administration ("FDA"). The FDA defines this as: "the portion of the package that is most likely to be seen by the consumer at the time of display for retail purchase."

14.     The Principal Display Panel provides information that allows purchasers to determine the contents of the package before them, and to comparison shop between various manufacturers and brands of the same or similar VMS product.  This information typically includes: (1) the type or name of the VMS product, (2) the quantity or amount of the active ingredient, typically in milligrams or international units, (3) the number of tablets, capsules, chews, or other individual units contained within the package, and (4) the price. At VSI stores, where the price is not displayed on the Principal Display Panel, it is typically displayed within plain sight and near or adjacent to the package.

15.     By shelving same or similar VMS products near or adjacent to each other, and with the Principal Display Panels of each package or container turned to face toward the consumer, VSI provides consumers an opportunity to use the Principal Display Panels to compare prices and cost per unit of its VSI Product with competing product from other manufacturers.

16.     An example of the Principal Display Panel from an Accused VSI Product (L-Arginine-Ornithine, 2000 mg) is below:

Page 4        SECOND AMENDED CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com



17.    Another example of a Principal Display Panel from an Accused VSI Product (Calcium 1000 mg) is below:



18.    The Principal Display Panels for these and other Accused VSI Products materially misrepresent the quantity and characteristics of the contents and create a substantial likelihood of confusion in potential purchasers as to the quantity of supplement being purchased.

19.    Plaintiff and each Class member formed a contract with Defendant when they purchased one or more of the Accused VSI Products.  The terms of the contract included representations of fact made by Defendant on the Principal Display Panels of the Accused VSI Products purchased. This included representations of: (1) the type or name of the VMS product, (2) the quantity or amount of the

Page 5     SECOND AMENDED CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

active or represented main ingredient, (3) the number of tablets, capsules, chews, or other individual units contained within the package, and (4) the price. The information on Defendant's label constituted an express warranty, and was part of the basis of the bargain and a contract between Plaintiff / Class Members, and Defendant.

20.     For example, Defendant's Principal Display Panel on packaging of its L-Arginine-Ornithine stated a quantity of "2000 mg," and that the package contained "300 capsules."  This package is designed to (and does) lead an average reasonable consumer to conclude that the package contains 300 capsules each containing 2000 mg of L-Arginine-Ornithine for a total of 600,000 mg.

21.     Instead, the package contained 300 capsules that each provide only 1000 mg of L-Arginine-Ornithine for a total of 300,000 mg.

22.     In much smaller type the on "Supplemental Facts Panel" located on the back of the bottle or package and shelved to face away from the consumer, Defendant indicated that "serving size" was two capsules. The 2000 mg representation on the Principal Display Panel was therefore based on this "serving size." Nothing on the Principal Display Panel indicated that the 2000 mg dosage was predicated on consumption of more than one capsule, or that it was not an accurate representation of the quantity of L-Arginine-Ornithine per capsule.

23.     Similarly, the Principal Display Panel on packaging for Defendant's Calcium 1000 mg Carmel Chews represented that the package contained "Calcium 1000 mg Caramel Chews" and that "60 SOFT CHEWS" were inside the package.

24.      Instead, the package for the Calcium 1000 mg Carmel Chews contained 60 soft chews that each contained 500 mg of calcium.

25.     In much smaller type the on "Supplemental Facts Panel," located on the back of the packaging for the Calcium 1000 mg Carmel Chews and shelved to face away from the consumer, Defendant indicated that a "serving size" was two soft chews. The 1000 mg representation on the Principal Display Panel was therefore based on this "serving size" of two soft chews.  Nothing on the Principal Display Panel indicated that the 1000 mg dosage was predicated on consumption of more than

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

one soft chew, or that it was not an accurate representation of the quantity of Calcium per each soft chew.

26.    Defendant's conduct is particularly misleading and confusing because some of the other VSI Products with "serving sizes" greater than one disclose that fact on the Principal Display Panel. Examples are provided below for Easy to Swallow C-1000 and Calcium 1000 softgels, both of which indicated "Per 2 Softgels" on the Principal Display Panel adjacent to the quantity, as indicated by the red arrow (added for purposes of this Complaint):

 

27.    The table below provides shows some of the Accused VSI Products, and compares the represented quantity of active ingredient with the actual quantity per unit:

| Product name / Active Ingredient | Units Per Package | Stated Quantity per Unit (mg) | Actual Quantity per Unit | Percent Shortfall |
|---|---|---|---|---|
| Activated Charcoal | 100 | 520, 560 | 260, 280 | 50 |
| Ascorbyl Palmitate | 100, 300 | 500 | 250 | 50 |
| BioCell Collagen | 60, 180 | 1000 | 500 | 50 |
| C-1000 - Easy to Swallow | 300 | 1000 | 500 | 50 |
| C-2000 Complex | 100, 300 | 2000 | 1000 | 50 |
| Calcium 1000 | 300 | 1000 | 500 | 50 |

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

| Calcium 1200 | 240 | 1200 | 600 | 50 |
| Calcium 1000 - Easy to Swallow | 100, 300 | 1000 | 250 | 75 |
| Calcium Chocolate Chews | 60 | 1000 | 500 | 50 |
| Calcium Caramel Chews | 60 | 1000 | 500 | 50 |
| Coral Calcium | 90, 180 | 1500 | 500 | 66.67 |
| L-Arginine-Ornithine | 300 | 2000 | 1000 | 50 |
| Melatonin Gummies | 60 | 5 | 2.5 | 50 |
| Red Yeast Rice | 240 | 1200 | 600 | 50 |
| SAMe 200 | 50 | 200 | 100 | 50 |
| Vitamin C gummies | 60 | 250 | 125 | 50 |
| Vitamin D3 Gummies | 60 | 2000 iu | 1000 iu | 50 |
| Wheat Grass | 500 | 500 | 72 | 85.6 |

## INDIVIDUAL ALLEGATIONS

28.    Plaintiff / Oregon Sub-Class Representative WALTERS is a Multnomah County, Oregon resident who in May, 2014 entered the Lloyd Center Vitamin Shoppe store located at 1407 Lloyd Center, Portland, Oregon, 97232. While there, he purchased an Accused VSI Product, specifically a package of Calcium 1000mg Carmel Chews. At the time of his purchase, WALTERS was unaware that the package he purchased misrepresented the amount of milligrams per unit of the product, and/or the overall amount of the supplement contained within the package.

29.    WALTERS reasonably relied upon the information contained on the Principal Display Panel that showed the quantity of product within the package when he made his purchasing decision. WALTERS would not have purchased the Accused VSI Product if the actual amount of product per unit had been disclosed to him on the Principal Display Panel.

## CLASS ALLEGATIONS

30.    Plaintiff brings this action on behalf of himself and all similarly situated persons who

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

purchased one or more of the Accused VSI Products within the United States and within the Class State, or within any class or sub-class that the Court may determine appropriate for class certification treatment pursuant to Federal Rules of Civil Procedure 23(a) and 23(b).

31.    The Class and Subclasses of persons that Plaintiff seeks to represent are defined as:

(a)    Nationwide Class:

all persons within the United States who at any time during the applicable class period purchased one or more of the Accused VSI Products from a retail store, through the internet, or a catalogue.

(b)    Oregon Subclass:

all Oregon residents who at any time during the applicable class period purchased one or more of the Accused VSI Products from a retail store, through the internet, or a catalogue.

32.    Excluded from the National Class and the Oregon Subclass are (a) Defendants, persons, firms, trusts, corporations, officers, directors, or other individuals or entities in which any Defendant has a controlling interest or which is related to or affiliated with Defendant, and any current employees of Defendant; (b) all persons who make a timely election to be excluded from the proposed Class; (c) the judge(s) to whom this case is assigned and any immediate family members thereof; and (d) the legal representatives, heirs, successors-in-interest or assigns of any excluded party.

33.    Plaintiff's breach of contract, breach of warranty, fraud, and unjust enrichment claims are appropriate for class-wide certification and treatment because as class representative WALTERS can prove the elements of his claim on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

34.    Plaintiff's claims as the Oregon Subclass representative are appropriate for sub-class certification and treatment because WALTERS can prove the elements of his claim on a sub-class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same Oregon Subclass claims.

SECOND AMENDED CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

35.    *Numerosity Under Rule 23(a)(1)* - Members of the National Class and the Oregon Subclass are so numerous that joinder of all members individually into one action, or into individual state-wide class actions is impractical. On information and belief, the National Class consists of substantially more than 50,000 members, and the Oregon Subclass likely exceeds 10,000 members.

36.    *Commonality and Predominance under Rule 23(a)(2) and (b)(3)* - Common questions of law and fact are shared by Plaintiff and members of the National Class and the Oregon Subclass that predominate over any individual issues.

37.    For the National Class, common issues of law include:

    a.    Was a contract was formed between Defendant and the Class Members?

    b.    If a contract was formed, what were its terms?

    c.    If a contract was formed, did Defendant breach any of its terms?

    d.    What statute of limitation applies to the contract claims?

    e.    What is the appropriate measure of damages for Defendant's breach of contract?

    f.    Is specific performance a proper remedy for Defendant's breach of contract?

    g.    Did the labels on the Accused VSI Products create an express or implied warranty?

    h.    If the labels on the Accused VSI Products created a warranty, what were the terms?

    i.    If a warranty was created, did Defendant breach its terms?

    j.    What statute of limitation applies to the breach of warranty claims?

    k.    What is the appropriate measure of damages for Defendant's breach of warranty?

    l.    Is specific performance a proper remedy for Defendant's breach of warranty?

    m.    Did Defendant's conduct constitute fraud?

    n.    If so, what is the appropriate measure of damages?

    o.    What statute of limitations applies to the fraud claim?

Page 10    SECOND AMENDED CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

p.    Was Defendant unjustly enriched by its conduct in a way that caused harm to

plaintiff and the class?

q.    If so, what is the appropriate measure of damages?

r.    Is the National Class entitled to an injunction or other equitable relief?

38.    For the State of Oregon Subclass ("Oregon Subclass"), common questions of law and

fact include each of the above common questions of law and fact applicable to the National Class, and in

addition:

s.    Did Defendant represent that its goods have characteristics, ingredients, uses,

benefits, quantities or qualities that they do not have in violation of ORS

646.608(1)(e)?

t.    Did Defendant makes a false or misleading representation of fact concerning the

offering price of, or the cost for goods in violation of ORS 646.608(1)(s)?

u.    Did Defendant engage in unfair or deceptive conduct in trade or commerce in

violation of ORS 646.608(1)(u)?

39.    Each of the Plaintiff's / Class Representative's claims are typical of the National Class

claims. Each National Class claim arises from the same type events, practices, and course of conduct by

Defendant — the marketing and sales of the Accused VSI Products. The legal theories asserted by

Plaintiff / Class Representatives are the same as the legal theories that will be asserted on behalf of the

National Class — money damage claims for breach of contract, warranty, fraud, unjust enrichment, and

claims for injunctive relief.

40.    Plaintiff's claims as Subclass Representative for the State Subclass are typical of the

claims of the members of the Oregon Subclass.  The claims arise from the same type of events,

practices, and the same course of conduct by Defendant — the marketing and sales of the Accused VSI

Products. The legal theories asserted by Plaintiff as Oregon Subclass Representative are the same as

the legal theories asserted by the members of the Oregon Subclass.

41.    Plaintiff is willing and prepared to serve the Court as a representative for the National

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

Class and the Oregon Subclass to which he belongs including all of the required material obligations and duties. Plaintiff will fairly and adequately protect the interests of the National Class and the Oregon Subclass to which he belongs, and has no interests adverse to or which directly or irrevocably conflicts with the other members of the National Class or the Oregon Subclass.

42.    Plaintiff's self-interests are co-extensive with, and not antagonistic to the interests of the absent members of the National Class and the members of the Oregon Subclass. WALTERS will represent and protect the interests of the National Class and the Oregon Subclass.

43.    Plaintiff has engaged the services of the following counsel and law firms:  Rick Klingbeil, PC; Brooks Cooper, attorney at law; and Brady Mertz, PC. Counsel are experienced in litigation, complex litigation, and class action cases, and will protect the rights of and otherwise effectively represent the named class representatives and absent National Class and Oregon Subclass Members. Plaintiff has also retained the law firm of Foley, Bezek, Behle & Curtis, LLP who are expected to apply for permission to appear *pro hac vice* in this District before this court and as co-counsel in this matter. Foley, Bezek, Behle & Curtis, LLP are experienced in complex litigation and class action lawsuits.

44.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable.  The operative facts relating to Plaintiff and members of the National Class and each State Subclass are the same, the damages suffered by each of the Oregon Subclass Members are relatively small, the expense and burden of individual litigation makes it inefficient and ineffective for members of the Class and Oregon Subclass to individually redress the wrongs done to them, and proceeding as a class action will resolve hundreds of thousands of claims in a manner that is fair to Defendant and to Class Members. There will be no difficulty in the management of this case as a class action with a National class consisting of members from all states, and as an Oregon Subclass consisting of the same individuals who reside in the state of Oregon.

45.    Class Members may be notified of the pendency of this action by several means, including posted notice at Defendant's places of business and retail stores, website, catalogues, and on

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

promotional websites and social media related to Defendant's business. Defendant has recorded identifying details of many Class Members through customer-established "accounts." To establish a customer account, a customer provides their full name, address, billing address, and sometimes their phone number. Customer accounts retain and save an account holder's order history, which would show their purchases of any Accused VSI Product.  The order history and contact information would allow an efficient and direct method of providing notice to a substantial percentage of the class.  Class Members may also be notified directly based on charge and banking card records used in the transactions, and, if deemed necessary or appropriate by the Court, through published notice.

46.    The prosecution of separate actions by individual Class and Subclass Members would create a risk of inconsistent or varying adjudications with respect to individual members, which would establish incompatible standards of conduct for Defendant. Defendant has acted on grounds that apply generally to the Class and the Oregon Subclass making equitable relief and relief based on breach of contract, warranty, unjust enrichment, and fraud appropriate to the Class as a whole.

**NATIONAL CLASS**

**FIRST CLAIM FOR RELIEF**

**(Breach of Contract)**

47.    On behalf of himself and the members of the National Class, Plaintiff /  Class Representative realleges paragraphs 1 through 46, and further alleges:

48.    For each of the Accused VSI Products, the Principal Display Panel on each package and the displayed price for the Product was offer to sell.

49.    The terms of Defendant's offer were that if Plaintiff or a Class Member paid the marked price, they would receive a package containing the specified quantity of Units and that each of those Units would contain the number of MG's or IU's of the ingredient as shown on the Principal Display Panel.

50.    Plaintiff and Class Members accepted Defendant's offer when they purchased one or more of the Accused VSI Products.

SECOND AMENDED CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

51.     Defendant breached the terms of the contract. Each individual Unit of the Accused VSI Products contained half or less than half of the number of MG's or IU's of the ingredient that was represented on the Principal Display Panel. Further, each package of Accused VSI Product contained half or less than half of the total number of MG's or IU's of the ingredient that was represented on the Principal Display Panel.

52.     Plaintiff and Class Members are entitled to their damages incurred as a result of Defendant's breach. At this time, the Oregon Subclass does not seek monetary damages, but only injunctive relief.

### NATIONAL CLASS

### SECOND CLAIM FOR RELIEF

### (Breach of Warranty)

53.     On behalf of himself and the members of the National Class, Plaintiff / Class Representative realleges paragraphs 1 through 52, and further alleges:

54.     Representations made on the Principal Display Panel of the Accused VS Products created a warranty.

55.     Defendant warranted that the Accused VSI Product contained the stated number of Units and that each of those Units contained the stated number of MG's or IU's of the ingredient as represented on the Principal Display Panel. Defendant further warranted that each package of Accused VSI Product contained the total number of MG's or IU's of the ingredient as represented on the Principal Display Panel.

56.     Defendant breached the warranty because each of the Units within the package contained half or less than half of the stated number of MG's or IU's of the ingredient that was represented on the Principal Display Panel.  Defendant also breached the warranty because each package of Accused VSI Product contained half or less than half of the total number of MG's or IU's of the ingredient that was represented on the Principal Display Panel.

57.     Plaintiff and Class Members are entitled to their damages incurred as a result of

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

Defendant's breach of warranty, and/or are otherwise entitled to be made whole. At this time, the Oregon Subclass does not seek monetary damages, but only injunctive relief.

### NATIONAL CLASS

### THIRD CLAIM FOR RELIEF

#### (Unjust Enrichment)

58.     On behalf of himself and the members of the National Class, Plaintiff / Class Representative realleges paragraphs 1 through 57, and further alleges:

59.     Defendant has been unjustly enriched based on the above conduct.

60.     Specifically, Defendant has provided Plaintiff and Class Members with half or less than half of the quantity of ingredients that are shown on the Principal Display Panel.

61.     Defendant has received a benefit in the form of payment for packages that contained half or less than half of the ingredients shown on the Principal Display Panel.  Defendant retained these payments.

62.     Defendant was unjustly enriched in an amount equal to the "excess price" paid for any Accused VSI Product. The "excess price" can be calculated by multiplying the actual price paid for any Accused VSI Product by the number calculated as: 1 minus the number resulting from dividing the total amount of ingredient actually contained in the package by the amount of ingredient as represented on the Principal Display Panel.  Retention of the amount of "excess price" by Defendant would be unjust and inequitable.

63.     Defendant's unjust enrichment came at the expense of Plaintiff and Class Members.

64.     Plaintiff and the National Class Members, except for members of the Oregon Subclass, seek restitution and disgorgement of any "excess price" Defendant received for any Accused VSI Product as calculated above.

65.     Additionally, Plaintiff and the National Class Members, except for members of the Oregon Subclass, seek exemplary damages and attorney fees in connection with this claim for relief.

66.     At this time, the Oregon Subclass does not seek monetary damages, but only injunctive

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

relief.

## NATIONAL CLASS

## FOURTH CLAIM FOR RELIEF

### (Fraud)

67.    On behalf of himself and the members of the National Class and the Oregon Subclass

Plaintiff / Class Representative realleges paragraphs 1 through 66, and further alleges:

68.    The representations made by Defendant on the Principal Display Panel on each of the

Accused VSI Products relating to (1) the number of MG's or IU's of the ingredient in Unit within the

package, and (2) the total number of MG's or IU's of the ingredient within the package (quantity per Unit

multiplied by number Units) ("Representations") were false.

69.    The Representations were material in that they related to the quantity and characteristics

of the product being purchased.

70.    The Representations were known by Defendant to be false.

71.    The Representations were made with the intent that Plaintiff and Class Members, and all

other purchasers of the Accused VSI Products would rely upon them.

72.    Plaintiff and Class Members did not know of the falsity of the Representations, justifiably

relied upon them when purchasing the Accused VSI Products, and had a right to rely upon them.

73.    Plaintiff and Class Members were damaged by the Representations because they

received substantially less product than was represented on the Principal Display Panel.

74.    Plaintiff and the National Class Members, except for members of the Oregon Subclass,

seek recovery of money damages equal to any "excess price" Defendant received for them from their

purchase of any Accused VSI Product as defined and calculated above.

75.    Additionally, Plaintiff and the National Class Members, except for members of the Oregon

Subclass, seek exemplary damages and attorney fees in connection with this claim for relief.

76.    At this time, the Oregon Subclass does not seek monetary damages, but only injunctive

relief.

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

**OREGON SUBCLASS**

**CLAIM FOR RELIEF**

**(ORS §646.608 - Unlawful Trade Practices)**

77.     On behalf of himself and the Oregon Subclass, WALTERS realleges paragraphs 1 through 57, and further alleges:

78.     By engaging in the practices desribed herein, Defendant has violated, and continues to violate the Oregon Unlawful Trade Practices Act, ORS §646.608 in at least the following respects:

      a.     in violation of ORS §646.608(1)(e), Defendant has represented that goods have characteristics, ingredients, quantities or qualities that they do not have;

      b.     in violation of ORS §646.608(1)(s), Defendant has made false or misleading representations of fact concerning the offering price of, or the persons cost for goods;

      c.     in violation of ORS §646.608(1)(u), Defendant has engaged in unfair or deceptive conduct in trade or commerce proscribed by rules established by the Oregon Attorney General.

79.     WALTERS and Oregon Subclass Members are entitled to injunctive relief pursuant to ORS §646.638(8)(c).

80.     At this time, the Oregon Subclass does not seek monetary damages, but only injunctive relief.

81.     Shortly after filing the Amended Complaint for injunctive relief related to conduct within the state of Oregon, Plaintiff provided the required notice to Defendant pursuant to ORCP 32H. Plaintiff anticipates amending this action after 30 days after service of that document to add a request for money damages for claims arising in Oregon, if necessary.

**REQUEST FOR RELIEF**

Plaintiff seeks the following for himself, the National Class, and the Oregon Subclass Members:

**<u>Case Management</u>**

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

An Order from this Court:

A.      Certifying this action as a class action as set forth above, or as a class action or issue class as otherwise deemed appropriate by the Court pursuant to a Motion to Certify Class Action to be filed by Plaintiff in this case;

B.      Appointing Plaintiff as a Representative for both the National Class and the Oregon Subclass;

C.      Approving counsel listed herein as class counsel and approving, upon their admission *pro hac vice* in this matter, the law firm of Foley, Bezek, Behle & Curtis, LLP as additional counsel for the National Class and the Oregon Subclass.

D.      Setting a trial by jury for all issues so triable.

## **Injunctive / Equitable Relief**

## **(National Class - All claims)**

An Order from this Court:

E.      Granting a temporary and permanent injunction enjoining Defendant from engaging in any further misconduct at issue in this action nationwide, and within the State of Oregon. Specifically, Defendant should be enjoined from mislabeling and marketing the Accused VSI Products as alleged in this Complaint.

F.      Ordering reimbursement of the reasonable costs, disbursements, and litigation expenses incurred by Plaintiff and the Class necessary to obtain injunctive relief.

G.      Ordering restitution to the members of the class for the amount that Defendant has been unjustly enriched as a result of its wrongful conduct, with interest, except for members of the Oregon Subclass;

## **Injunctive / Equitable Relief**

## **(Oregon Subclass - ORS 646.608 *et seq.*)**

An Order from this Court:

H.      Granting a temporary and permanent injunction enjoining Defendant from engaging in

Page  18      SECOND AMENDED CLASS ACTION ALLEGATION COMPLAINT

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

*any further violations of ORS §646.608 et seq. pursuant to ORS §646.638(8)(c).*

**Monetary Damages**

**(National Class)**

A Verdict from the Jury at trial:

I.    Awarding monetary damages incurred by Members of the National Class as a result of Defendant's breach of contract, with interest, except for members of the Oregon Subclass;

J.    Awarding monetary damages incurred by Members of the National Class as a result of Defendant's breach of warranty, with interest, except for members of the Oregon Subclass;

K.    Awarding monetary damages incurred by Members of the National Class as a result of Defendant's fraudulent conduct, with interest, except for members of the Oregon Subclass.

**Dated:** November 24, 2014.

Rick Klingbeil, PC

/s/ Rick Klingbeil

_____
Rick Klingbeil, OSB #933326
Of Attorneys for Plaintiff
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565

Additional Attorneys:

Brooks F. Cooper, OSB #941772

Brady Mertz, OSB #970814

Foley Bezek Behle & Curtis, LLP
(*Pro hac vice* applications to be submitted)

RICK KLINGBEIL, PC
2222 NE Oregon St., Ste. 213
Portland, OR 97232
Ph: 503-473-8565
Fax: 503-427-9001
rick@klingbeil-law.com

# U.S. District Court
## District of Oregon (Portland (3))
## CIVIL DOCKET FOR CASE # 3:14-cv-01173-PK

Walters v. Vitamin Shoppe Industries, Inc.
Assigned to: Magistrate Judge Paul Papak
Demand: $5,000,000
Case in other court:  9th Circuit Court of Appeals, 15-35592
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 07/23/2014
Date Terminated: 06/25/2015
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other Contract Actions
Jurisdiction: Diversity

## Plaintiff

**Lee Walters, MD**
*an Oregon resident*

represented by    **Brady H. Mertz**
Brady Mertz, PC
2285 Liberty Street NE
Salem, OR 97302
503-385-0121
Fax: 503-375-2218
Email: brady@bradymertz.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Justin P. Karczag**
Foley Bezek Behle & Curtis, LLP
575 Anton Boulevard
Suite 710
Costa Mesa, CA 92626
805-962-9494
Fax: 805-962-0722
Email: jkarczag@foleybezek.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert A. Curtis**
Foley Bezek Behle & Curtis, LLP
15 West Carrillo Street
Santa Barbara, CA 93101
805-962-9495
Fax: 805-962-0722
Email: RCurtis@Foleybezek.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brooks F. Cooper**
Draneas & Huglin, P.C.

4949 Meadows Road
Ste. 400
Lake Oswego, OR 97035
503-496-5511
Fax: 503-496-5510
Email: brooks@draneaslaw.com
*ATTORNEY TO BE NOTICED*

**Rick Klingbeil**
Rick Klingbeil, PC
2300 SW First Ave.
Suite 101
Portland, OR 97201
503-473-8565
Fax: 503-427-9001
Email: rick@klingbeil-law.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jane Roe**                               represented by   **Brady H. Mertz**
*a California resident*                                      (See above for address)
*TERMINATED: 11/03/2014*                                     *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Brooks F. Cooper**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Rick Klingbeil**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Vitamin Shoppe, Inc.**                   represented by   **Angel A. Garganta**
*a Delaware corporation*                                    Venable LLP
*TERMINATED: 11/03/2014*                                    1 Market Street, 40th Floor
                                                            San Francisco, CA 94105
                                                            415-653-3750
                                                            Fax: 503-653-3755
                                                            Email: AGarganta@Venable.com
                                                            *LEAD ATTORNEY*
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Chad M. Colton**
                                                            Markowitz Herbold Glade & Mehlhaf,

PC
1211 S.W. Fifth Avenue
Suite 3000
Portland, OR 97204
503-295-3085
Fax: 503-323-9105
Email: ChadColton@MHGM.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Micol Sordina Green**
Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
310-229-9900
Fax: 310-229-9901
Email: msgreen@venable.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**VS Direct, Inc.**                    represented by   **Angel A. Garganta**
*a Delwaware Corporation*                              (See above for address)
*TERMINATED: 11/03/2014*                               *LEAD ATTORNEY*
*assumed business name*                                *PRO HAC VICE*
Vitamin Shoppe                                         *ATTORNEY TO BE NOTICED*

                                                       **Chad M. Colton**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Micol Sordina Green**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

**Defendant**

**Vitamin Shoppe Industries, Inc.**    represented by   **Chad M. Colton**
*a Delaware corporation*                               (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 07/23/2014 | 1 | Complaint. *(Class Action Allegations)* Filing fee in the amount of $400 collected. Agency Tracking ID: 0979-3768113 Jury Trial Requested: Yes. Filed by Lee Walters against VITAMIN SHOPPE, INC., VS DIRECT, INC. (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons Vitamin Shoppe, Inc., # 3 Proposed |

Summons VS Direct, Inc.). (Klingbeil, Rick) (Entered: 07/23/2014)

| | | |
|---|---|---|
| 07/23/2014 | 2 | Notice of Case Assignment to Magistrate Judge Paul Papak and Discovery and Pretrial Scheduling Order. **NOTICE: Counsel shall print and serve the summonses and all documents issued by the Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5**. Discovery is to be completed by 11/20/2014. Joint Alternate Dispute Resolution Report is due by 12/22/2014. Pretrial Order is due by 12/22/2014. Ordered by Magistrate Judge Paul Papak. (dsg) (Entered: 07/23/2014) |
| 07/23/2014 | 3 | Summons Issued Electronically as to Vitamin Shoppe, Inc.. **NOTICE: Counsel shall print and serve the summonses and all documents issued by the Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5.** (dsg) (Entered: 07/23/2014) |
| 07/23/2014 | 4 | Summons Issued Electronically as to VS Direct, Inc.. **NOTICE: Counsel shall print and serve the summonses and all documents issued by the Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5.** (dsg) (Entered: 07/23/2014) |
| 07/24/2014 | 5 | Notice *of Unavailability of Plaintiff's Counsel Rick Klingbeil* Filed by Jane Roe, Lee Walters, MD (Klingbeil, Rick) (Entered: 07/24/2014) |
| 08/11/2014 | 6 | Waiver of Service of Summons Returned Executed by All Defendants. Filed by All Plaintiffs. (Mertz, Brady) (Entered: 08/11/2014) |
| 08/27/2014 | 7 | Notice of Appearance of Chad M. Colton appearing on behalf of All Defendants Filed by on behalf of All Defendants (Colton, Chad) (Entered: 08/27/2014) |
| 08/27/2014 | 8 | Motion for Leave to Appear Pro Hac Vice *for Attorney Angel A. Garganta* . Filing fee in the amount of $100 collected; Agency Tracking ID: 0979-3812103. Filed by All Defendants. (Colton, Chad) (Entered: 08/27/2014) |
| 08/27/2014 | 9 | Motion for Leave to Appear Pro Hac Vice *for Attorney Micol O. Sordina* . Filing fee in the amount of $100 collected; Agency Tracking ID: 0979-3812105. Filed by All Defendants. (Colton, Chad) (Entered: 08/27/2014) |
| 08/27/2014 | 10 | Corporate Disclosure Statement . Filed by All Defendants. (Colton, Chad) (Entered: 08/27/2014) |
| 08/28/2014 | 11 | Order Granting Application for Special Admission Pro Hac Vice of Angel A. Garganta for VS Direct, Inc.,Angel A. Garganta for Vitamin Shoppe, Inc.. Application Fee in amount of $100 collected. Receipt No. 0979-3812103 issued. Signed on 8/28/2014 by Magistrate Judge Paul Papak. (sss) (Entered: 08/29/2014) |
| 08/28/2014 | 13 | Order Granting Application for Special Admission Pro Hac Vice of Micol O. Sordina for VS Direct, Inc.,Micol O. Sordina for Vitamin Shoppe, Inc.. Application Fee in amount of $100 collected. Receipt No. 0979-3812105 issued. Signed on 8/28/2014 by Judge Garr M. King. (sss) (Entered: 08/29/2014) |
| 08/29/2014 | 12 | Notification of CM/ECF Account: Attorney Angel A. Garganta (appearing *Pro Hac Vice*). Login ID: **aagarganta**. Complete your account setup by following the instructions available on the Court's website. (sss) (Entered: 08/29/2014) |
| 08/29/2014 | 14 | Notification of CM/ECF Account: Attorney Micol O. Sordina (appearing *Pro Hac Vice*). Login ID: **mosordina**. Complete your account setup by following the |

| | | |
|---|---|---|
| | | instructions available on the Court's website. (sss) (Entered: 08/29/2014) |
| 09/23/2014 | 15 | Joint Motion for Extension of Time *and to Permit Filing of First Amended Complaint and Memorandum in Support*. Filed by All Defendants. (Colton, Chad) (Entered: 09/23/2014) |
| 09/23/2014 | 16 | Joint Motion for Extension of Discovery & PTO Deadlines *and Memorandum*. Filed by All Defendants. (Colton, Chad) (Entered: 09/23/2014) |
| 10/03/2014 | 17 | **ORDER** issued by Magistrate Judge Paul Papak: Granting the parties' Joint Motion to Extend Case Deadlines and to Permit Filing of First Amended Complaint 15 as follows: Amended Complaint due 11/3/2014. Answer to amended complaint due by 11/24/2014. Order: Granting the parties' Joint Motion for Extension of Time 16 as follows and as modified: File all pleadings, join all claims, remedies and parties by 12/31/2014. Fact Discovery to be completed by 7/22/2015. Exchange initial expert reports by 8/19/2015. Exchange rebuttal expert witness reports by 9/23/2015. Expert Discovery to be completed by 10/7/2015. Class certification motions due by 10/21/2015. Dispositive motions deadline (re)set to 10/21/2015. Last day to confer regarding ADR is 10/21/2015. Joint ADR Report deadline (re)set to 11/18/2015. Pretrial Order deadline (re)set to 12/21/2015 or until 30 days after this Courts final ruling on dispositive motions, whichever date is later. (gm) (Entered: 10/06/2014) |
| 11/03/2014 | 18 | Amended Complaint Summons issued as to All Defendants. Filed by Lee Walters, MD against Vitamin Shoppe Industries, Inc.. (Klingbeil, Rick) (Entered: 11/04/2014) |
| 11/04/2014 | 19 | Amended Proposed Summons *for Vitamin Shoppe Industries, Inc*. Filed by Lee Walters, MD. (Klingbeil, Rick) (Entered: 11/04/2014) |
| 11/04/2014 | 20 | Summons Issued Electronically as to Vitamin Shoppe Industries, Inc.. **NOTICE: Counsel shall print and serve the summonses and all documents issued by the Clerk at the time of filing upon all named parties in accordance with Local Rule 3-5.** (dsg) (Entered: 11/04/2014) |
| 11/24/2014 | 21 | Second Amended Complaint . Filed by Lee Walters, MD against Vitamin Shoppe Industries, Inc.. (Klingbeil, Rick) (Entered: 11/24/2014) |
| 12/03/2014 | 22 | Unopposed Motion for Leave *to File Overlength Brief*. Filed by Vitamin Shoppe Industries, Inc.. (Colton, Chad) (Entered: 12/03/2014) |
| 12/09/2014 | 23 | **ORDER** issued by Magistrate Judge Paul Papak: Granting Defendant's Unopposed Motion to File Over-Length Brief 22 . (gm) (Entered: 12/09/2014) |
| 12/11/2014 | 24 | Motion to Dismiss for Failure to State a Claim *or, in the Alternative, Motion to Strike*. Oral Argument requested. Filed by Vitamin Shoppe Industries, Inc.. (Colton, Chad) (Entered: 12/11/2014) |
| 12/11/2014 | 25 | **ORDER** issued by Magistrate Judge Paul Papak: Setting Defendant's Rule 12 Motion to Dismiss 24 and alternative Motion to Strike 24 on the Oral Argument Calendar of 2/4/2015 at 10:00AM in Portland Courtroom 10B before Magistrate Judge Paul Papak. (gm) (Entered: 12/12/2014) |
| 01/07/2015 | 26 | Motion for Extension of Time to File a Response/Reply to Motion to Dismiss for Failure to State a Claim *or, in the Alternative, Motion to Strike* 24 . Filed by Lee Walters, MD. (Klingbeil, Rick) (Entered: 01/07/2015) |

| | | |
|---|---|---|
| 01/07/2015 | 27 | Declaration of Rick Klingbeil . Filed by Lee Walters, MD. (Related document(s): Motion for Extension of Time to File Response/Reply to a Motion 26 .) (Klingbeil, Rick) (Entered: 01/07/2015) |
| 01/08/2015 | 28 | Response to Motion for Extension of Time to File a Response/Reply to Motion to Dismiss for Failure to State a Claim *or, in the Alternative, Motion to Strike* 24 26 . Filed by Vitamin Shoppe Industries, Inc.. (Colton, Chad) (Entered: 01/08/2015) |
| 01/08/2015 | 29 | Declaration of Chad M. Colton *in Support of Defendant Vitamin Shoppe Industries, Inc.'s Response to Plaintiff's Motion for Extension of Time to Oppose Defendant's Motion to Dismiss*. Filed by Vitamin Shoppe Industries, Inc.. (Related document(s): Motion for Extension of Time to File Response/Reply to a Motion 26 .) (Attachments: # 1 Exhibit 1) (Colton, Chad) (Entered: 01/08/2015) |
| 01/12/2015 | 30 | **ORDER** issued by Magistrate Judge Paul Papak: Granting Plaintiff's Motion to Reset Briefing Schedule 26 as follows: Response to motion to dismiss/strike due by 1/20/2015. Reply to response due by 2/3/2015. Order: Resetting Defendant's Rule 12 Motion to Dismiss 24 and alternative Motion to Strike 24 from 2/4/2015 at 10:00AM to the Oral Argument Calendar of 2/11/2015 at 10:00AM in Portland Courtroom 10B before Magistrate Judge Paul Papak. (gm) (Entered: 01/12/2015) |
| 01/20/2015 | 31 | Response in Opposition to Motion to Dismiss for Failure to State a Claim *or, in the Alternative, Motion to Strike* 24 Oral Argument requested. Filed by Lee Walters, MD. (Attachments: # 1 Exhibit Exhibit A - Order and Opinion. - 3:14-cv-00254-HZ) (Klingbeil, Rick) (Entered: 01/20/2015) |
| 02/03/2015 | 32 | Reply to Motion to Dismiss for Failure to State a Claim *or, in the Alternative, Motion to Strike* 24 . Filed by Vitamin Shoppe Industries, Inc.. (Colton, Chad) (Entered: 02/03/2015) |
| 02/03/2015 | 33 | Declaration of Chad M. Colton *in Support of Defendant Vitamin Shoppe Industries, Inc.'s Reply in Support of Motion to Dismiss, or, in the Alternative, Motion to Strike*. Filed by Vitamin Shoppe Industries, Inc.. (Related document(s): Motion to Dismiss for Failure to State a Claim 24 .) (Attachments: # 1 Exhibit 1) (Colton, Chad) (Entered: 02/03/2015) |
| 02/03/2015 | 34 | Amended Reply to Motion to Dismiss for Failure to State a Claim *or, in the Alternative, Motion to Strike* 24 . Filed by Vitamin Shoppe Industries, Inc.. (Colton, Chad) (Entered: 02/03/2015) |
| 02/11/2015 | 35 | **MINUTES OF PROCEEDINGS** before Magistrate Judge Paul Papak: Oral Argument held 2/11/15. Order setting the following deadlines: Plaintiff's supplemental brief due by 2/18/2015. Defendant's supplemental response brief due by 2/25/2015. Order: Defendant's Rule 12 Motion to Dismiss 24 and alternative Motion to Strike 24 will be taken under advisement as of 2/26/2015. Brady Mertz; Rick Klingbeil; Brooks Cooper present as counsel for plaintiff(s). Angel Garganta; Chad Colton present as counsel for defendant(s). Court Reporter: Jill Erwin. (gm) (Entered: 02/11/2015) |
| 02/19/2015 | 36 | Supplemental Memorandum in Opposition (*following Oral Argument*) to Motion to Dismiss for Failure to State a Claim *or, in the Alternative, Motion to Strike* 24 . Filed by Lee Walters, MD. (Klingbeil, Rick) (Entered: 02/19/2015) |

| 02/25/2015 | [37](#) | Sur-Reply *Response to Plaintiff's Supplemental Memorandum in Opposition to Motion to Dismiss for Failure to State a Claim or, in the Alternative, Motion to Strike* [24](#) . Filed by Vitamin Shoppe Industries, Inc.. (Colton, Chad) (Entered: 02/25/2015) |
|---|---|---|
| 02/25/2015 | [38](#) | Declaration of Chad M. Colton *in Support of Defendant Vitamin Shoppe Industries, Inc.'s Response to Plaintiff's Supplemental Brief*. Filed by Vitamin Shoppe Industries, Inc.. (Related document(s): Motion to Dismiss for Failure to State a Claim [24](#) .) (Attachments: # [1](#) Exhibit 1, # [2](#) Exhibit 2, # [3](#) Exhibit 3, # [4](#) Exhibit 4, # [5](#) Exhibit 5, # [6](#) Exhibit 6, # [7](#) Exhibit 7, # [8](#) Exhibit 8, # [9](#) Exhibit 9, # [10](#) Exhibit 10, # [11](#) Exhibit 11) (Colton, Chad) (Entered: 02/25/2015) |
| 03/06/2015 | [39](#) | OFFICIAL COURT TRANSCRIPT OF PROCEEDINGS FILED Oral Argument held on February 11, 2015, before Judge Paul Papak, Court Reporter Jill L. Erwin, telephone number (503)326-8191. <span style="color:red">Transcript may be viewed at Court's public terminal or purchased from the Court Reporter before the deadline for Release of Transcript Restriction. Afterwards it may be obtained through the Court Reporter at (503)326-8191 or PACER-See Policy at ord.uscourts.gov.</span> Notice of Intent to Redact Transcript is due by 3/16/2015. Redaction Request due 3/30/2015. Redacted Transcript Deadline set for 4/9/2015. Release of Transcript Restriction set for 6/8/2015. (Erwin, Jill) (Entered: 03/06/2015) |
| 03/24/2015 | [40](#) | Motion for Leave to Appear Pro Hac Vice *for Attorney Robert Curtis* . Filing fee in the amount of $100 collected; Agency Tracking ID: 0979-4055022. Filed by Lee Walters, MD. (Klingbeil, Rick) (Entered: 03/24/2015) |
| 03/24/2015 | [41](#) | Order Granting Application for Special Admission Pro Hac Vice of Robert A. Curtis for Lee Walters, MD. Application Fee in amount of $100 collected. Receipt No. 0979-4055022 issued. Signed on 3/24/2015 by Judge Michael W. Mosman. (sss) (Entered: 03/25/2015) |
| 05/04/2015 | 42 | **ORDER** issued by Magistrate Judge Paul Papak: Setting a Telephone Conference for 5/6/2015 at 11:00AM in Portland before Magistrate Judge Paul Papak. The parties shall call into the court's conference line (phone number to be provided via separate email) five minutes prior to the scheduled conference time. The court will join the conference call at or shortly after the appointed time. (gm) (Entered: 05/05/2015) |
| 05/06/2015 | 43 | **MINUTES OF PROCEEDINGS** before Magistrate Judge Paul Papak: Telephone Conference re: Defendant's Rule 12 Motion to Dismiss [24](#) and alternative Motion to Strike [24](#) . Brady Mertz; Rick Klingbeil; Brooks Cooper; Robert Curtis present as counsel for plaintiff(s). Angel Garganta; Chad Colton; Nicole Green present as counsel for defendant(s). Court Reporter: (None). (gm) (Entered: 05/07/2015) |
| 05/13/2015 | [44](#) | **Findings & Recommendation:** Defendant's Motion to Dismiss [24](#) for failure to state a claim should be granted as it applies to all of Walters' claims and those claims, along with this case, should be dismissed with prejudice. Further, Defendant's motion to strike class allegations, its motion to dismiss for lack of subject matter jurisdiction, and its motion to dismiss Walters' fraud claim pursuant to Rule 9(b) should be denied as moot. A final judgment should be prepared. Signed on 5/13/15 by Magistrate Judge Paul Papak. (gm) (Entered: 05/13/2015) |
| 05/13/2015 | 45 | **ORDER** issued by Magistrate Judge Paul Papak: Findings & Recommendation [44](#) |

| | | |
|---|---|---|
| | | is referred to Judge Anna J. Brown for review. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement. (gm) (Entered: 05/13/2015) |
| 05/27/2015 | 46 | Objections to Findings & Recommendation: Motion to Dismiss for Failure to State a Claim *or, in the Alternative, Motion to Strike* 24 should be granted 44 Oral Argument requested. Filed by Lee Walters, MD. (Klingbeil, Rick) (Entered: 05/27/2015) |
| 05/29/2015 | 47 | Notice of Change of Address. *for Venable LLP* Filed by Vitamin Shoppe Industries, Inc. (Colton, Chad) (Entered: 05/29/2015) |
| 06/10/2015 | 48 | Response to Objections to Findings & Recommendation. Related document(s): 44 Findings & Recommendation,, 46 Objections to Findings & Recommendation. Filed by Vitamin Shoppe Industries, Inc.. (Colton, Chad) (Entered: 06/10/2015) |
| 06/25/2015 | 49 | **ORDER:** The Court ADOPTS Magistrate Judge Papaks Findings andRecommendation 44 and, therefore, GRANTS Defendants Motion to Dismiss as to each of Plaintiffs claims, DENIES as moot that portion of Defendants Motion in which Defendant seeks to strike Plaintiffs class allegations, and DISMISSES with prejudice Plaintiffs Second Amended Complaint 21 in its entirety. Signed on 06/25/2015 by Judge Anna J. Brown. (bb) (Entered: 06/25/2015) |
| 06/25/2015 | 50 | Judgment. Signed on 06/25/2015 by Judge Anna J. Brown. (bb) (Entered: 06/25/2015) |
| 07/17/2015 | 51 | Notice of Appeal to the 9th Circuit Filing fee $505 collected; Agency Tracking ID 0979-4202875: . Filed by All Plaintiffs. (Mertz, Brady) (Entered: 07/17/2015) |
| 07/20/2015 | | USCA Case Number and Notice confirming Docketing Record on Appeal re Notice of Appeal 51 . **Case Appealed to 9th Circuit Court of Appeals Case Number 15-35592** assigned. (dsg) (Entered: 07/20/2015) |
| 08/17/2015 | 52 | Transcript Designation and Order Form for the hearing held on 02/11/2015 before Judge Papak. regarding Notice of Appeal 51 . Filed by Lee Walters, MD. Transcript is due by 9/21/2015. (Karczag, Justin) (Entered: 08/17/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/25/2015 09:08:58 | | | |
| **PACER Login:** | fb0457 | **Client Code:** | 1357.01 |
| **Description:** | Docket Report | **Search Criteria:** | 3:14-cv-01173-PK Start date: 1/1/1970 End date: 11/25/2015 |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

| 9th Circuit Case Number(s) | 15-35592 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
## When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | Nov. 25, 2015 | .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/Rachel Evans |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
## When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | | .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users.  I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format) | |