No. 15-35592

_____

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

LEE WALTERS, M.D., an Oregon resident,

Plaintiff-Appellant,

v.

VITAMIN SHOPPE INDUSTRIES, INC., a Delaware corporation,

Defendants-Appellee.

_____

Appeal from the United States District Court for the
District of Oregon (Portland Division)

Civil Case No. 3:14-cv-01173-PK (Judge Anna J. Brown)

_____

# APPELLANT'S MOTION FOR REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF APPELLANT'S REPLY BRIEF

_____

Robert A. Curtis, SBN 203870
Justin P. Karczag, SBN 223764
**FOLEY BEZEK BEHLE &
CURTIS, LLP**
15 W. Carrillo Street
Santa Barbara, CA 93101
Telephone: (805) 962-9495
Facsimile: (805) 962-0722
Email: rcurtis@foleybezek.com;
         jkarczag@foleybezek.com

Brady Mertz, SBN 970814
**BRADY MERTZ PC**
345 Lincoln Street SE
Salem, OR 97302
Telephone: (503) 385-0121
Facsimile: (503) 375-2218
Email: brady@bradymertz.com

Rick Klingbeil, SBN 933326
**RICK KLINGBEIL PC**
2222 NE Oregon Street, Suite 213
Portland, OR 97232
Telephone: (503) 473-8565
Facsimile: (503) 442-9001
Email: rick@klingbeil-law.com

*Counsel for Plaintiff-Appellant Lee Walters, M.D.*

# MOTION FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Appellant Lee Walters, M.D. ("Appellant") hereby requests that the Court take judicial notice of the following in support of Appellant's Reply Brief:[1]

1. Letter to Med-Diet Laboratories, Inc., Minneapolis District, Subject: "*Food Allergins/Misbranded*" (April 10, 2012), a true and correct copy of which is attached hereto as **Exhibit 1**;[2] and

2. FDA Warning Letter to Dante Confections, New England District, Subject: "*CGMP in Manufacturing, Packing, or Holding Human Food/Adulterated/Misbranded*" (October 5, 2011), a true and correct copy of which is attached hereto as **Exhibit 2**.[3]

Under Federal Rule of Evidence 201(d), judicial notice may be taken at any stage of the proceeding, including by an appellate court during the pendency of an appeal. FRCP 201(d); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) ("we may take judicial notice on appeal"); see also *Lowry v. Barnhart*, 329 F.3d 1019 (9th Cir. 2003).

---

[1] Counsel for Appellant spoke with counsel for Appellee Vitamin Shoppe Industries, Inc. ("VSI") regarding this motion. VSI has not agreed to the motion and reserves its right to oppose the motion upon review of the motion.
[2] http://www.fda.gov/iceci/enforcementactions/warningletters/2012/ucm300954.htm
[3] http://www.fda.gov/iceci/enforcementactions/warningletters/2011/ucm281007.htm

VSI cannot dispute that judicial notice of FDA warning letters is appropriate. VSI had the district court take judicial notice of FDA warning letters, and argued in its Brief of Appellee that "Courts can and frequently do take judicial notice of documents from the FDA and consider those judicially-noticed documents in ruling on motions to dismiss." *See* Brief of Appellee (Docket Entry No. 16), page 14, citing *Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 900 n.6 (N.D. Cal. 2012) (taking judicial notice of letter from the FDA); *In re ConAgra Foods Inc.*, 908 F. Supp. 2d 1090, 1104 n. 39 (C.D. Cal. 2012) (holding that "[t]he court can take judicial notice of the letter as a report of an administrative body" and taking judicial notice of an FDA warning letter).

Therefore, Appellant respectfully requests that the Court take judicial notice of the attached FDA Warning Letters.

DATED: March 11, 2016  **FOLEY BEZEK BEHLE & CURTIS LLP**
**BRADY MERTZ PC**
**RICK KLINGBEIL PC**

By: /s/ Justin P. Karczag
Robert A. Curtis
Justin P. Karczag
Brady Mertz
Rick Klingbeil
*Attorneys for Appellant
and the Putative Class*

**EXHIBIT 1**

Home Inspections, Compliance, Enforcement, and Criminal Investigations Compliance Actions and Activities
Warning Letters 2012

## Inspections, Compliance, Enforcement, and Criminal Investigations

### Med-Diet Laboratories, Inc. 4/10/12


Department of Health and Human Services

Public Health Service
Food and Drug Administration
Minneapolis District Office
Central Region
250 Marquette Avenue, Suite 600
Minneapolis, MN 55401
Telephone: (612) 334-4100
FAX: (612) 334-4142

April 10, 2012

**WARNING LETTER**

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

**Refer to MIN 12 -3**

Donald L. Tymchuck
President
Med-Diet Laboratories
3600 Holly Lane North, Suite 80
Plymouth, Minnesota 55447-1286

Dear Mr. Tymchuck:

The Food and Drug Administration (FDA) conducted an inspection of your facility located at 3600 Holly Lane North, Suite 80, Plymouth, Minnesota, on November 8 and 10, 2011. During the inspection, product labels were collected. Our review of your labels reveals that your Med Diet brand (low sodium products) Brown Gravy Mix, Instant Chicken Flavored Broth & Seasoning Mix, and Beef-Like Soup Base Mix-Clear products are misbranded within the meaning of section 403 of the Federal Food, Drug, and Cosmetic Act (the Act), 21 U.S.C. § 343, and the implementing regulations contained within Title 21, Code of Federal Regulations, Part 101 (21 CFR 101). You may find the Act and the referenced FDA regulations through links on FDA's internet home page at www.fda.gov[1].

The significant violations are as follows:

1. Your Brown Gravy Mix and Instant Chicken Flavored Broth & Seasoning Mix products are misbranded within the meaning of section 403(w) of the Act, 21 U.S.C. § 343(w), in that the labels fail to declare all major food allergens present in the product, as required by section 403(w)(1) of the Act. Section 201(qq) of the Act, 21 U.S.C. § 321(qq), defines as "major food allergens" milk, egg, fish; crustacean shellfish, tre

nuts, wheat, peanuts, and soybeans, as well as any food ingredient that contains protein derived from one of these foods, with certain exceptions, e.g., highly refined oils derived from a major food allergen. A food is misbranded under section 403(w) of the Act if it is not a raw agricultural commodity and it is, or it contains, an ingredient that bears or contains a major food allergen, unless either:

- The word "contains," followed by the name of the food source from which the major food allergen is derived, is printed immediately after or adjacent to the list of ingredients, section 403(w)(1)(A) of the Act, 21 U.S.C. § 343(w)(1)(A), or

- The common or usual name of the major food allergen in the list of ingredients is followed in parentheses by the name of the food source from which the major food allergen is derived, (e.g. "flour (wheat)"), except the name of the food source is not required when either the common or usual name of the ingredient uses the name of the food source or the name of the food source appears elsewhere in the ingredient list (unless the name of the food source that appears elsewhere in the ingredient list appears as part of the name of an ingredient that is not a major food allergen), section 403(w)(1)(B) of the Act, 21 U.S.C. § 343(w)(1)(B).

Specifically, your Brown Gravy Mix contains whey from cow's milk as an ingredient, and based on the ingredients shown on your website at http://www.med-diet.com/p-846-med-diet-chicken-broth-packet.aspx, your Instant Chicken Flavored Broth & Seasoning Mix contains hydrolyzed soy protein. However, the case label for your Brown Gravy Mix fails to declare the presence of the major food allergen, milk, and your Instant Chicken Flavored Broth & Seasoning Mix case label and individual packet label fail to declare soybean.

2. Your Beef-Like Soup Base Mix-Clear product is misbranded within the meaning of section 403(r)(1)(A) of the Act, 21 U.S.C. § 343(r)(1)(A), because the label bears a nutrient content claim but does not meet the requirements to make the claim. Under section 403(r)(1)(A) of the Act, a claim that characterizes the level of a nutrient which is of the type required to be in the labeling of the food must be made in accordance with a regulation authorizing the use of such a claim. Characterizing the level of a nutrient in food labeling without complying with the specific requirements pertaining to nutrient content claims for that nutrient misbrands the product under section 403(r)(1)(A) of the Act. The label of your Beef-Like Soup Base Mix-Clear product bears the claim "low sodium," which meets the definition of a nutrient content claim because it characterizes the product's level of sodium which is a nutrient of the type required to be in nutrition labeling, 21 CFR 101.13(b). Under 21 CFR 101.61(b)(4), foods may only use a "low sodium" claim on their label or in their labeling if they contain 140 milligrams or less sodium per Reference Amount Customarily Consumed (RACC) greater than 30 grams. The RACC for soup is 245 grams, 21 CFR 101.12(b)--Table 2, which is 8.28 fluid ounces. The Nutrition Facts information for this product states that a 6 fluid ounce serving contains 140 milligrams of sodium. Based on this labeling information, an 8.28 fluid ounce serving necessarily contains more than 140 milligrams of sodium. Therefore, the amount of sodium per RACC contained in your product is greater than 140 milligrams and your product does not meet the requirements to bear a "low sodium" claim.

3. Your Beef-Like Soup Base Mix-Clear case label is misbranded within the meaning of section 403(i)(1) of the Act, 21 U.S.C. § 343(i)(1), in that it does not bear an adequate common or usual name of the food. Specifically,

- The term "Beef-Like" is not an appropriately descriptive term as required by 21 CFR 101.3(b)(3).

- In addition, the name of this food does not.meet the requirements in 21 CFR 101.22(i) for declaration of a characterizing flavor. For example, if the food is one that is commonly expected to contain a characterizing food ingredient, e.g., strawberries in "strawberry shortcake," and the food contains natural flavor derived from such ingredient and an amount of characterizing ingredient insufficient to independently characterize the food, or the food contains no such ingredient, the name of the characterizing flavor may be immediately preceded by the word "natural" and shall be immediately followed by the word "flavored" in letters not less than one-half the height of the letters in the name of the characterizing flavor, e.g., "natural strawberry flavored shortcake" or "strawberry

flavored shortcake," 21 CFR 101.22(i)(1)(i). In addition, if the food contains any artificial flavor that simulates, resembles, or reinforces the characterizing flavor, the name of the food must be accompanied by the common or usual name of the characterizing flavor, and the name of the characterizing flavor must be accompanied by the word(s) "artificial" or "artificially flavored" (e.g., "artificially flavored beef), 21 CFR 101.22(i)(2). We note that your product does not contain any bee and contains natural and artificial flavor; therefore, the term "beef-like" does not adequately characterize the flavor of your product.

4. Your Instant Chicken Flavored Broth & Seasoning Mix is misbranded within the meaning of section 403(i)(2) of the Act, 21 U.S.C. § 343(i)(2), in that it is fabricated from two or more ingredients. However, both the individual packet and the case label fail to bear the common or usual name of each ingredient in the product as required by 21 CFR 101.4(a)(1).

5. Your Brown Gravy Mix, Beef-Like Soup Base Mix-Clear, and Instant Chicken Flavored Broth & Seasoning Mix are misbranded within the meaning of section 403(q)(1) of the Act, 21 U.S.C. § 343(q)(1), in that their labels fail to bear nutrition labeling as required by 21 CFR 101.9. Specifically,

- Your Instant Chicken Flavored Broth & Seasoning Mix individual packet label and case label do not bear any nutrition information.

- Your Brown Gravy Mix and Beef-Like Soup Base Mix-Clear case labels do not bear adequate nutrition information as required by 21 CFR 101.9(c). The case labels do not provide information about the levels of the following nutrients: Calories from Fat, Saturated Fat, Trans Fat, Cholesterol, Dietary Fiber, Sugars, Vitamin A, Vitamin C, Calcium and Iron.

If your products qualify to use the simplified format for nutrition labeling, the statement "Not a significant source of _" (with the blank filled in as specified in 21 CFR 101.9(f)(4)) must be included at the bottom of the Nutrition Facts panel.

- Your Brown Gravy Mix and Beef-Like Soup Base Mix-Clear case labels do not bear nutrition information in the format required by 21 CFR 101.9(d). For example, your information is not set off in a box; the headings Nutrition Facts, Amount Per Serving, and % Daily Values are missing; % Dail Values are not provided; nutrients are not aligned, bolded or indented as necessary; nutrients are not separated by bars or hairlines as appropriate; footnote is missing; and quantitative information for nutrients is not rounded appropriately.

- The serving size on your case labels for your Brown Gravy Mix and Beef-Like Soup Base Mix-Clear products is not declared as required by 21 CFR 101.9(b). As required by 21 CFR 101.9(b)(2)(iii), the serving size for non-discrete bulk products shall be the amount in household measure that most closely approximates the reference amount for the product category. The RACC for Sauces, Dips, Gravies and Condiments, Minor main entree sauces (e.g., gravy) is % cup and the RACC for Soups, All varieties is 245 grams, 21 CFR 101.12(b)--Table 2. Therefore, the serving size should be the amount of your products in household measure needed to prepare % cup of gravy or 245 grams of soup because, as required by 21 CFR 101.9(b)(9), the declaration of nutrient and food component content shall be on the basis of food as packaged or purchased.

6. Your Instant Chicken Flavored Broth & Seasoning Mix is misbranded within the meaning of section 403(e)(1) of the Act, 21 U.S.C. § 343(e)(1), in that the case label fails to bear the place of business of the manufacturer, packer, or distributor as required by 21 CFR 101.5(d).

This letter is not meant to be an all-inclusive list of deficiencies that may exist in any of your product labeling. Please take prompt action to correct all of the violations noted in this letter. Failure to promptly correct these violations may result in regulatory action without further notice. Such actions include seizure and/or injunction. It is your responsibility as top management to ensure that your establishment is in compliance with all FDA requirements.

We also note, and request that you address, the following:

    A. The label for Beef-Like Soup Base Mix-Clear that was collected during the inspection is missing ingredient information, possibly due to printer and/or label alignment problems.

    B. Your ingredient declaration on your Beef-Like Soup Base Mix-Clear case label differs from the ingredients shown on your website www.foodseroiceexpress.com. The website ingredient declaration for your product includes soy protein and partially hydrogenated soybean oil; however, your case label does not include these ingredients. Your labels and labeling must bear an accurate list of ingredients as required by 21 CFR 101.4.

    C. Your Instant Chicken Flavored Broth & Seasoning Mix case label only provides a numeric count. As required by 21 CFR 101.105(c), when the declaration of quantity of contents by numerical count does not give adequate information as to the quantity of food in the package, it shall be combined with such statement of weight, measure, or size of the individual units of the foods as will provide such information.

    D. Your Brown Gravy Mix and Beef-Like Soup Base Mix-Clear case labels fail to declare metric equivalents in parenthesis following the net weight declarations, 15 U.S.C. § 1453(a)(2) of the Fair Packaging and Labeling Act (FPLA).

Section 743 of the Act (21 U.S.C. § 379j-31) authorizes FDA to assess and collect fees to cover FDA's cost for certain activities, including costs related to reinspection. A re-inspection is one or more inspections conducted subsequent to an inspection that identified non-compliance materially related to a food safety requirement of the Act, specifically to determine whether compliance has been achieved. Re-inspection-related costs means all expenses, including administrative expenses, incurred in connection with FDA's arranging, conducting, and evaluating the results of the re-inspection and assessing and collecting the re-inspection fees, 21 U.S.C.§ 379j-31(a)(2)(B). For a domestic facility, FDA will assess and collect fees for re-inspection-related costs from the responsible party for the domestic facility. The inspection noted in this letter identified non-compliance materially related to a food safety requirement of the Act. Accordingly, FDA may assess fees to cover any costs related to re-inspection.

We received a post-inspection response dated November 15, 2011, from Jed R. Williams, Director of Operations. The response states that your firm has contacted the manufacturer of the products to initiate a redesign of the labels, but there is no detailed commitment on the scope, timing, or details of the corrections. Thus, the response does not sufficiently address the violations cited in this letter.

You should notify this office in writing within 15 working days of receipt of this letter of any steps you have taken or will take to correct the noted violations and to prevent their recurrence. If corrective actions cannot be completed within 15 working days, state the reason for the delay and the time within which the corrections will be completed. Please include copies of any available documentation demonstrating that corrections have been made.

Your reply should be directed to Compliance Officer Timothy G. Philips at the address indicated on the letterhead.

Sincerely,
/S/
Joann M. Givens
Acting Director
Minneapolis District

## Close Out Letter

- Med-Diet Laboratories, Inc - Close Out Letter 7/30/13[2]

Page Last Updated: 07/31/2013
Note: If you need help accessing information in different file formats, see Instructions for Downloading Viewers and Players.

- Accessibility Contact FDA Careers FDA Basics FOIA No FEAR Act Site Map Transparency Website Policies

U.S. Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993
Ph. 1-888-INFO-FDA (1-888-463-6332)
Contact FDA

    

For Government For Press

Combination Products Advisory Committees Science & Research Regulatory Information Safety Emergency Preparedness International Programs News & Events Training and Continuing Education Inspections/Compliance State & Local Officials Consumers Industry Health Professionals FDA Archive



## Links on this page:

1. http://www.fda.gov/
2. /ICECI/EnforcementActions/WarningLetters/2013/ucm363146.htm

# EXHIBIT 2

**Archived Content**

The content on this page is provided for reference purposes only. This content has not been altered or updated since it was archived.

Search Archive

[Home](#) [Inspections, Compliance, Enforcement, and Criminal Investigations](#) [Compliance Actions and Activities](#)
[Warning Letters](#) [2011](#)

## Inspections, Compliance, Enforcement, and Criminal Investigations

## Dante Confections 10/5/11

 **Department of Health and Human Services**

Public Health Service
Food and Drug Administration

New England District
One Montvale Avenue
Stoneham, Massachusetts 02180
Phone: (781) 587-7500
FAX: (781) 587-7556

**WARNING LETTER
CMS#198872**

October 5, 2011

**VIA UPS OVERNIGHT MAIL**

Santini Falcone, Co-owner
Dante Confections
199 Boston Post Road
North Billerica, Massachusetts 01821

Dear Mr. Falcone:

The U.S. Food and Drug Administration (FDA) inspected your food manufacturing facility, located at 199 Boston Post Road, North Billerica, Massachusetts, on May 26, 27, June 6 and 7, 2011. Our investigation found serious violations of the Current Good Manufacturing Practice (CGMP) regulation in manufacturing, packing, or holding of human food, Title 21, Code of Federal Regulations, Part 110 (21 CFR Part 110). These violations cause the assorted truffles manufactured in your facility to be adulterated within the meaning of Section 402(a)(4) of the Federal Food, Drug, and Cosmetic Act (the Act) [21 U.S.C. § 342 (a)(4)] in that they have been prepared, packed, or held under insanitary conditions whereby they may have been contaminated with filth, or whereby they may have been rendered injurious to health. Additionally, during the inspection copies of your labeling were collected. Our review of your labeling revealed that your firm's products are not labeled in accordance with FDA's food labeling regulation, 21 CFR Part 101. These violations cause your Peanut Butter Truffle, Peanut Butter Cups, and Nut Oyster products to be misbranded within the meaning of section 403 of the Act [21 U.S.C. § 343]. You can find the Act and its implementing regulations through links on FDA's home page at http://www.fda.gov[1].

Your significant violations are as follows:

**CGMP Violations**

1. Your firm failed to take all reasonable precautions to ensure that production procedures do not contribute to contamination from any source. Therefore, equipment, containers, and utensils used to convey, hold or store raw rework materials, work-in process, rework or food shall be constructed, handled and maintained during manufacturing or storage in a manner that protects against contamination, as required by 21 CFR 110.80(b)(7). Specifically:

> • Excess chocolate used to manufacture assorted truffles, including peanut butter filled truffles, was placed into a common chocolate tempering pot to be reworked and was used in the production of assorted truffle shells, fillings, and decorations, including non-nut filled truffles.

> • Uncovered assorted truffles, not intended to contain nuts, were stored next to assorted products intended to contain nuts.

> • You did not differentiate between cloth pastry bags used to fill the truffles with nut fillings versus non-nut fillings or between molds used to form nut free truffles and truffles containing peanut butter

2. Your firm failed to clean the food contact surfaces of your manufacturing equipment as frequently as necessary, as required by 21 CFR Part 110.35(d). Specifically:

> • The plastic truffle molds were used to make assorted truffles, including peanut butter and milk chocolate flavors. The truffle molds were caked with material and were not cleaned during your weekly cleaning process. Furthermore, you stated that truffle molds are cleaned approximately every 90 days.

We acknowledge your response to the FDA 483 dated June 7, 2011; however, it is inadequate because you fail to state how you are going to clean and sanitize your equipment. It is also unclear if you plan to properly clean your tempering pots. In addition, please provide a more detailed explanation about how you will prevent your production procedures from contributing to the possibility of cross contamination of non-nut containing products with nut containing products.

**Labeling Violations**

1. Your Peanut Butter Truffle, Peanut Butter Cups and Nut Oyster products are misbranded within the meaning of section 403(w) of the Act [21 U.S.C. § 343(w)) in that the major food allergens, milk, soy, tree nuts, and peanuts, are not declared on the product label as specified by the Act.

Section 201 (qq) of the Act [21 U.S.C. § 321 (qq)] defines milk, egg, fish, Crustacean shellfish, tree nuts, wheat, peanuts, and soybeans, as well as any food ingredient that contains protein derived from one of these foods, with the exception of highly refined oils, as "major food allergens." A food is misbranded if it is not a raw agricultural commodity and it is, or it contains an ingredient that bears or contains, a major food allergen, unless either:

> • The word "Contains," followed by the name of the food source from which the major food allergen is derived, is printed immediately after or adjacent to the list of ingredients, section 403(w)(1)(A) of the Act [21 U.S.C. § 343(w)(1)(A)]; or

> • The common or usual name of the major food allergen in the list of ingredients is followed in parentheses by the name of the food source from which the major food allergen is derived (e.g. "flour(wheat)"), except that the name of the food source is not required when either the common or usual name of the ingredient uses the name of the food source or the name of the food source appears elsewhere in the ingredient list (unless the name of the food source that appears elsewhere in the ingredient list appears as part of the name of an ingredient that is not a major food allergen), section 403(w)(1)(B) of the Act [21 U.S.C. § 343(w)(1)(B)].

2. Your Peanut Butter Truffle, Peanut Butter Cups and Nut Oyster products are misbranded within the meaning of 403(i)(2) of the Act [21 U.S.C. § 343(i)(2)] in that they are fabricated from two or more ingredients, but fail to bear labels that list the common or usual name of each ingredient in descending order of predominance by weight as well as all sub-ingredients, as required by 21 CFR 101.4. The requirement to list sub-ingredients (or component ingredients) may be met by either parenthetically listing the component ingredients after the common or usual name of the main ingredient (21 CFR 101.4(b)(2)(i)), or by listing the component ingredients without listing the ingredient itself (21 CFR 101.4(b)(2)(ii)). Under the first alternative, the component ingredients must be listed in descending order of predominance within the multi-component ingredient; and under the second alternative, the component ingredients must be listed in descending order of predominance in the finished food.

This letter may not list all the violations at your establishment. You are reminded that it is your responsibility to ensure that your firm operates in compliance with the Act, the regulations for Current Good Manufacturing Practices (21 CFR Part 110) and Food Labeling (21 CFR Part 101), and all other applicable implementing regulations. You should take prompt action to correct these violations and to implement procedures to prevent such violations from recurring. Failure to do so may result in regulatory action without further notice, including seizure and/or injunction.

In addition, we note that the net quantity content for your peanut butter truffle minis is in pieces. Under 21 CFR 101.105(c), when a declaration of the quantity of contents by numerical count does not give adequate information as to the quantity of the food in the package, the count must be accompanied by a statement of weight, measure or the size of the individual units as will provide such information.

You should respond in writing within fifteen (15) working days from your receipt of this letter. Your response should outline the specific steps you are taking to correct these violations. You should include in your response documentation or other useful information that would assist us in evaluating your corrections. If you cannot complete all corrections before you respond, you should explain the reason for your delay and state when you will correct any remaining violations.

Please send your reply to the Food and Drug Administration, Attention: Bruce R. Ota, Compliance Officer a the above address. If you have questions regarding any issues in this letter, please contact Mr. Ota at 781 596-7762.

Sincerely,

/S/
Mutahar S. Shamsi
District Director
New England District

**Close Out Letter**

- Dante Confections - Close Out Letter 11/01/2012[2]

Page Last Updated: 11/07/2012
Note: If you need help accessing information in different file formats, see Instructions for Downloading Viewers and Players.

Accessibility Contact FDA Careers FDA Basics FOIA No FEAR Act Site Map Transparency Website Policies

U.S. Food and Drug Administration
10903 New Hampshire Avenue
Silver Spring, MD 20993
Ph. 1-888-INFO-FDA (1-888-463-6332)
Contact FDA




For Government  For Press

Combination Products  Advisory Committees  Science & Research  Regulatory Information  Safety
Emergency Preparedness  International Programs  News & Events  Training and Continuing Education
Inspections/Compliance  State & Local Officials  Consumers  Industry  Health Professionals  FDA Archive

**Links on this page:**

1. http://www.fda.gov/
2. /ICECI/EnforcementActions/WarningLetters/2011/ucm327338.htm

| 9th Circuit Case Number(s) | 15-35592 |

*****************************************************************

# CERTIFICATE OF SERVICE
## When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Mar 11, 2016.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

| Signature (use "s/" format) | s/Justin P. Karczag |

*****************************************************************

# CERTIFICATE OF SERVICE
## When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) _____.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

| |
|---|

| Signature (use "s/" format) | |