Appeal Case No. 15-35592

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

LEE WALTERS, M.D., an Oregon resident,

Plaintiff-Appellant,

v.

VITAMIN SHOPPE INDUSTRIES, INC., a Delaware corporation,

Defendant-Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF OREGON (PORTLAND DIVISION)

HONORABLE JUDGE ANNA J. BROWN
Civil Case No. 3:14-cv-01173-PK

---

**APPELLEE'S SUPPLEMENTAL BRIEFING REGARDING
APPELLANT'S NEW ARGUMENTS MADE ON REPLY**

---

Angel A. Garganta, SBN 163957
**VENABLE LLP**
505 Montgomery Street, Suite 1400
San Francisco, CA 94111

*Counsel for Defendant-Appellee
Vitamin Shoppe Industries, Inc.*

TABLE OF CONTENTS

INTRODUCTION .................................................................................................1

ARGUMENT......................................................................................................1

    I.     The Ninth Circuit's Decision In *Williams* Does Not Control
The Disposition Of This Case ............................................................1

        A.    *Williams* Is Limited To Instances Where Information
On The Back Of A Product Package Contradicts Or
Corrects Inaccurate Information On The Front Of A
Product Package .....................................................................2

        B.    The *Williams* Decision Does Not Control Because It
Involved Different Claims And Turned On Different
Issues .......................................................................................6

    II.    Walters' New Interpretation Of 21 C.F.R. 101.105(c) Is
Unfounded And Incorrect....................................................................8

CONCLUSION .................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Clausen v. M/V NEW CARISSA*,
  339 F.3d 1049 (9th Cir. 2003), *as amended on denial of reh'g* (Sept. 25, 2003) ............................................................................................................. 8

*Gedalia v. Whole Foods Mkt. Servs., Inc.*,
  53 F. Supp. 3d 943 (S.D. Tex. 2014) ................................................................. 4, 5

*Hairston v. S. Beach Beverage Co.*,
  No. CV 12-1429-JFW, 2012 WL 1893818, (C.D. Cal. May 18, 2012) ............... 5

*Pelayo v. Nestle USA, Inc.*,
  989 F. Supp. 2d 973 (C.D. Cal. 2013) .................................................................. 4

*Red v. Kraft Foods Inc.*,
  No. CV 10–1028–GW(AGRx), 2012 WL 5504011 (C.D. Cal. Oct. 25, 2012) .................................................................................................................... 5

*Viggiano v. Hansen Nat. Corp.*,
  944 F. Supp. 2d 877 (C.D. Cal. 2013) .................................................................. 5

*Williams v. Gerber*,
  552 F.3d 934 (9th Cir. 2008) ....................................................................... *passim*

**State Statutes**

Consumer Legal Remedies Act, Cal. Civ. Code § 1770, *et seq.* ........................... 3, 7

False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ......................... 3, 7

Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ...................... 3, 7

**Regulations**

21 C.F.R. § 101.36(b)(1) ............................................................................................ 6

21 C.F.R. § 101.105 ..................................................................................... 1, 8, 9, 10

## INTRODUCTION

Plaintiff-Appellant Lee Walters, M.D. ("Walters") waited until his Reply Brief to advance two new, but erroneous, legal arguments. First, Walters argues that the Ninth Circuit's decision in *Williams v. Gerber*, 552 F.3d 934 (9th Cir. 2008) (the "*Williams* Decision")—a case brought under California law and involving a defendant's alleged attempt to "correct" misstatements on the front of a product with contradictory information on the back—should control the Court's disposition of this case, which involves none of those issues. Second, Walters contends that 21 C.F.R. § 101.105(c) requires VSI to include "additional information" on the Principal Display Panel ("PDP") of the products at issue in this case (the "VSI Products") because the size and/or measure of those Products is not "commonly used in the industry." Neither of these arguments were raised in Walters' Opening Brief to this Court, much less in any of his briefing before the District Court. More importantly for the purposes of this brief, Walters' new arguments lack merit.

## ARGUMENT

### I. THE NINTH CIRCUIT'S DECISION IN *WILLIAMS* DOES NOT CONTROL THE DISPOSITION OF THIS CASE

The *Williams* Decision does not control the disposition of the claims in this case for two reasons. <u>First</u>, *Williams* applies where the PDP contains misleading

statements and the defendant attempts to escape liability by relying on contradictory, accurate information on the back of the package that "corrects" those misleading statements. That is not the case here, where FDA regulations required VSI to place serving size information on Supplement Facts Panel, and that information simply provided more detail about the VSI Products that was consistent with the statements on the PDP. <u>Second</u>, *Williams* is inapplicable because it interprets California consumer protection laws, <u>not</u> statutory and common law causes of action brought under Oregon law. Indeed, Walters' failure to cite *Williams* in any of the prior briefing in this case (including in his opposition to VSI's motion to dismiss, supplemental briefing before the District Court, objection to the findings and recommendations of the Magistrate Judge, and Opening Brief before this Court) only serves to confirm that *Williams* is inapplicable.

> A. <u>*Williams* Is Limited To Instances Where Information On The Back Of A Product Package Contradicts Or Corrects Inaccurate Information On The Front Of A Product Package</u>

This Court's decision in *Williams* does not control the disposition of Walters' claims against VSI because, unlike in *Williams*, the information contained in the Supplement Facts Panel of the VSI Products serves only to provide greater detail about the Products that is consistent with the accurate statements made on the

2

Products' PDP. The Supplement Facts Panel <u>does not</u> contradict or "correct" any statement made on the PDP.

The plaintiff in *Williams* brought suit against Gerber alleging that the packaging of "Fruit Juice Snacks" sold by Gerber was false and misleading in violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1770, *et seq.* ("CLRA"), Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"), and False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL") because the "Fruit Juice Snacks" did not contain fruit juice from any of the fruits pictured on the front of the product package. 552 F.3d at 936. The district court granted Gerber's motion to dismiss for failure to state a claim, holding that the statements alleged to be false and misleading by the plaintiff "were not likely to deceive a reasonable consumer." *Id.* at 937. This Court reversed the district court's dismissal. *Id.* at 940.

In so doing, this Court reasoned that there were "a number of features of the packaging [defendant] used for its Fruit Juice Snacks product which could likely deceive a reasonable consumer" into believing that the product contained actual fruit juice. *Id.* Those numerous features, as identified by this Court in *Williams*, included the fact that "[t]he product is called 'fruit juice snacks,'" that "the packaging pictures a number of different fruits," that the packaging contains "the statement that Fruit Juice Snacks was made with 'fruit juice and other all natural ingredients,'" and that

the packaging contains "the claim that Snacks is 'just one of a variety of nutritious Gerber Graduates foods and juices that have been specifically designed to help toddlers grow up strong and healthy.'" *Id*.

Although the *Williams* Court rejected the notion that "manufacturers can mislead consumers [on the PDP] and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception," it also acknowledged that the ingredient list "certainly serves some purpose" – namely, the provision of "<u>more detailed information about the product that confirms other representations on the packaging</u>." *Id*. at 939-40.

District courts have heeded this Court's command in *Williams* and have refused to apply *Williams* where a defendant's statements on the back of product packaging merely provide more detail about, or make clearer, the product's makeup. *See e.g., Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 980 (C.D. Cal. 2013) ("[T]o the extent there is any ambiguity [regarding the representations on defendant's labeling], it is clarified by the detailed information contained in the ingredient list."); *Gedalia v. Whole Foods Mkt. Servs., Inc.*, 53 F. Supp. 3d 943, 958 (S.D. Tex. 2014) ("[A]n ingredient list certainly serves some purpose, providing more detailed information about the product that confirms other representations *on the packaging* . . . . Plaintiffs complain these representations belie the 'dizzying array of ingredients' listed on the submitted product labels. But that is the purpose of

requiring ingredient lists on every product label.") (quotation omitted, emphasis in original); *Hairston v. S. Beach Beverage Co.*, No. CV 12-1429-JFW DTBX, 2012 WL 1893818, at *5 (C.D. Cal. May 18, 2012) ("As the Ninth Circuit held in *Williams v. Gerber,* 'reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging.' In this case, the ingredient list is consistent with the front label statement.") (internal citation omitted).

Instead, they have recognized that *Williams*' holding is limited to those situation in which a defendant attempts to use "a back of the box ingredient list" to "correct" misstatements on the front of the packaging. *See Red v. Kraft Foods Inc.*, No. CV 10–1028–GW(AGRx), 2012 WL 5504011, at *3 (C.D. Cal. Oct. 25, 2012); *see also Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 892 (C.D. Cal. 2013) ("In cases where a product's front label is accurate and consistent with the statement of ingredients, courts routinely hold that no reasonable consumer could be misled by the label, because a review of the statement of ingredients makes the composition of the food or drink clear.").[1]

---

[1] Moreover, *Gerber* is generally understood as "[t]he principal 'natural' food case," and "[l]ower courts following *Williams* have generally denied motions to dismiss claims that 'all natural' products contained 'unnatural' ingredients, according to the definition of "natural" in the pleadings." *Gedalia*, 53 F. Supp. 3d at 951 (emphasis added). Walters does not point to any cases which have applied *Williams* to the labeling of products' amount or weight.

5

The facts alleged in this case are dissimilar to those in *Williams*. Here, the PDP of the VSI products at issue in this case contains three pieces of information: (1) the name of the supplement in question (*e.g.,* Calcium); (2) the number of units in the product package (*e.g.,* 60 Soft Chews); and (3) the weight of the main ingredient (*e.g.,* 1000 milligrams). ER 29-30 (SAC, ¶ 19). Pursuant to FDA requirements, the number of servings in the package is contained in the Supplement Facts Panel on the back of the products' package. *See* 21 C.F.R. § 101.36(b)(1). Notwithstanding Walters' arguments to the contrary, the Supplement Facts Panel does not in any way contradict or otherwise "correct" the information contained on the front of the products. Instead, the additional information on the back of the Product merely provides more detail about the Product (*i.e.*, the serving size) in the exact place where the FDA requires that detail to be placed (*i.e.*, the Supplement Facts Panel).

Thus, the *Williams* Decision does not apply, and Walters' arguments should be disregarded.[2]

### B. The *Williams* Decision Does Not Control Because It Involved Different Claims And Turned On Different Issues

---

[2] Walters' failure to cite *Williams* in any of the prior briefing in this case (including in his opposition to VSI's motion to dismiss, supplemental briefing before the District Court, objection to the findings and recommendations of the Magistrate Judge, and Opening Brief before this Court) only serves to confirm that *Williams* is inapplicable.

*Williams* does not govern the disposition of Walters' claims for a second reason: it interprets California consumer protection laws, *not* statutory and common law causes of action brought under Oregon law, and the underlying claims were dismissed on different bases.

In *Williams*, plaintiff brought claims under California consumer protection statutes (*i.e.*, UCL, FAL, and CLRA), as well as other California tort claims including misrepresentation and breach of warranty. 552 F.3d at 936. In this case, Walters brought claims for breach of contract, breach of warranty, unjust enrichment, and fraud – all governed by Oregon common law – and violation of Oregon's Unfair Trade Practices Act (UTPA). *See* SAC, ¶¶ 47-81.

Moreover, in *Williams*, the district court dismissed plaintiff's statutory claims on the grounds that no reasonable consumer would be deceived as a matter of law, and the common law claims on the grounds that the challenged statements were either "truthful or constitute[d] non-actionable puffery." 552 F.3d at 938. None of those issues were raised, or otherwise addressed, in this case. The District Court dismissed Walters' breach of contract claim because the alleged "contract" had to be read as a whole under established Oregon law – *i.e.* taking into account the information on the front and the back of the product labels. *See* ER (F&R) at 13-18. Walters' breach of warranty claim was dismissed because Oregon warranty law does not cover "consumables" such as the VSI Products. *Id*. at 18-19. His unjust

enrichment claim was dismissed because a plaintiff cannot plead both breach of contract and unjust enrichment claims where, as in this case, it is undisputed that a contract between the parties exists. *Id*. at 19-20. And his common law fraud and UTPA claims were dismissed, *inter alia*, because those claims could not stand where, as in this case, a valid contract exists between the parties and the claims are based on one of the parties' failure to read the contract's terms. *Id*. at 21-23.

Put simply, *Williams* does not discuss the bases on which the District Court dismissed Walters' SAC, nor does it (or could it) displace the points of Oregon law on which the District Court ruled. If this Court were to extend its holding in *Williams* to this case, it would essentially be subsuming Oregon common and statutory law and replacing it with California law. Needless to say, that is not what this Court is here to do. *See Clausen v. M/V NEW CARISSA*, 339 F.3d 1049, 1065 (9th Cir. 2003), *as amended on denial of reh'g* (Sept. 25, 2003) ("[I]t is long since settled that federal courts sitting in diversity apply state substantive law.").

## II. WALTERS' NEW INTERPRETATION OF 21 C.F.R. 101.105(C) IS UNFOUNDED AND INCORRECT

Walters' third attempted interpretation of 21 C.F.R. § 101.105(c) fares no better than his first two.

Walters first argued to the District Court that VSI's placement of the net quantity statement and other information together on the PDP triggered subsection

(c)'s "additional information" requirement. *See* SER (Objections to F&R) at 2-3. The District Court considered, and rejected, this argument in dismissing the SAC, instead finding that "the FDA's interpretation of the qualifying language in 21 C.F.R. § 101.105(c), evinced in warning letters issued to ostensible violations of 21 C.F.R. § 101.105, shows that a failure to give adequate information as to the quantity of food in [a] package arises in situations involving incomparable products." ER (F&R) at 17.

Then, in his Opening Brief, Walters advanced a second theory: that the "additional information" requirement of 21 C.F.R. § 101.105(c) was triggered by the labeling of VSI's Products because the "net quantity" of contents on the Products' PDP was a "numerical amount" (*e.g.*, 100 tablets). AOB at 53-54 (arguing that "when such a declaration [of net quantity of contents on the PDP] is a numerical amount," the PDP must also contain a "statement of weight, measure, or size of the individual units of foods") (emphasis omitted). Like his first theory, this one has no authority to support it, and, in any event, contradicts what Walters himself argued to the District Court. *See* SER (Objections to F&R) at 11 ("Defendant (and the court below) would be correct . . . and there would be no basis for this lawsuit if the Principal Display Panel for each of the accused products simply listed the number of units (or capsules or chews) and nothing else.").

Finally, in his Reply Brief, Walters advances a whole new argument for why VSI purportedly violated subsection (c). According to the Reply Brief, the labeling of the VSI Products triggered the "additional information" requirement of 21 C.F.R. § 101.105(c) because the size or measure of the VSI Products at issue in this case varies from the size or measure of similar products distributed by other manufacturers and/or retailers in the industry. *See* Reply Br. at 19 (arguing that subsection (c) requires that "additional information . . . be provided when the items do not come in a standard, fixed size or measure that is commonly used in the industry"). This argument, however, flies in the face of both the FDA's interpretation of subsection (c) and of the District Court's decision, which found that subsection (c) applies to products "incomparable" to VSI's Products. ER (F&R) at 17.[3]

//

//

---

[3] Moreover, as discussed in VSI's concurrently-filed response to Walters' Motion for Request for Judicial Notice, Walters provides no explanation for why he waited until his Reply Brief to raise this new interpretation of 21 C.F.R. § 101.105(c), and the only authority he puts forth to support his interpretation are two inapplicable and irrelevant FDA warning letters.

10

# CONCLUSION

For the foregoing reasons, and for those set forth in VSI's Answering Brief, VSI respectfully requests that this Court affirm, in its entirety, the District Court's dismissal with prejudice of Walters' SAC.

Dated:  March 21, 2016			**VENABLE LLP**

By:  s/ Angel A. Garganta
Angel A. Garganta, SBN 163957
Micol S. Green, SBN 245659
Robert Meyerhoff, SBN 298196
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone: (415) 653-3750
Facsimile: (415) 653-3755
Email: aagarganta@venable.com
       msgreen@venable.com
       rlmeyerhoff@venable.com

*Counsel for Defendant-Appellee*
*Vitamin Shoppe Industries, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on March 21, 2016, which will send notification of such filing to the following:

Brady H. Mertz
Brady Mertz, PC
2285 Liberty Street NE
Salem, OR 97302
503-385-0121
*Attorney for Plaintiffs-Appellants LEE WALTERS*

Justin P. Karczag
Foley Bezek Behle & Curtis, LLP
575 Anton Boulevard Suite 710
Costa Mesa, CA 92626
805-962-9494
*Attorney for Plaintiffs-Appellants LEE WALTERS*

Robert A. Curtis
Foley Bezek Behle & Curtis, LLP
15 West Carillo Street
Santa Barbara, CA 93101
805-962-9495
*Attorney for Plaintiffs-Appellants LEE WALTERS*

Brooks F. Cooper
Draneas & Huglin, P.C.
4949 Meadows Road Ste. 400
Lake Oswego, OR 97035
503-496-5511
*Attorney for Plaintiffs-Appellants LEE WALTERS*

Rick Klingbeil
RickKlingbeil, P.C.
2300 SW First Ave. Suite 101
Portland, ORA  97201
503-473-8565
*Attorney for Plaintiffs-Appellants LEE WALTERS*

| | |
|---|---|
| Dated:  March 21, 2016 | /s/ Angel A. Garganta<br>Angel A. Garganta<br><br>*Counsel for Defendant-Appellee*<br>*Vitamin Shoppe Industries, Inc.* |