No. 15-35592

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LEE WALTERS, M.D., an Oregon resident,

Plaintiff-Appellant,

v.

VITAMIN SHOPPE INDUSTRIES, INC., a Delaware corporation,

Defendants-Appellee.

Appeal from the United States District Court for the
District of Oregon (Portland Division)
Civil Case No. 3:14-cv-01173-PK (Judge Anna J. Brown)

## APPELLANT'S REPLY IN SUPPORT OF MOTION FOR REQUEST FOR JUDICIAL NOTICE

Robert A. Curtis, SBN 203870
Justin P. Karczag, SBN 223764
**FOLEY BEZEK BEHLE & CURTIS, LLP**
15 W. Carrillo Street
Santa Barbara, CA 93101
Telephone: (805) 962-9495
Facsimile: (805) 962-0722
Email: rcurtis@foleybezek.com;
jkarczag@foleybezek.com

Brady Mertz, SBN 970814
**BRADY MERTZ PC**
345 Lincoln Street SE
Salem, OR 97302
Telephone: (503) 385-0121
Facsimile: (503) 375-2218
Email: brady@bradymertz.com

Rick Klingbeil, SBN 933326
**RICK KLINGBEIL PC**
2222 NE Oregon Street, Suite 213
Portland, OR 97232
Telephone: (503) 473-8565
Facsimile: (503) 442-9001
Email: rick@klingbeil-law.com

*Counsel for Plaintiff-Appellant Lee Walters, M.D.*

**REPLY IN SUPPORT OF MOTION FOR JUDICIAL NOTICE**

1. **Introduction**

In opposing Appellant Lee Walters' ("Appellant" or "Walters") Motion for Request for Judicial Notice, Appellee Vitamin Shoppe Industries, Inc. ("VSI") seeks to preclude Appellant from presenting applicable authority in response to, and triggered by, arguments raised and fully briefed in VSI's Brief of Appellee ("BOA").

VSI opposes Walters' Motion for Judicial Notice of FDA Warning Letters based on the following three grounds: (1) they are irrelevant; (2) they were improperly raised via a request for judicial notice on reply; and (3) Appellant cannot introduce evidence that was not introduced in the lower court. These arguments fail.

2. **Argument**

   a. **The FDA Warning Letters are Relevant.**

One of Walters' arguments on appeal is that because VSI, on the Principal Display Panel ("PDP"), declared the quantity of contents using numerical count, under the express language of 21 C.F.R. § 101.105(c),[1] it was obligated to accurately identify the correct measure of the quantity of contents within the package. Thus, for example, if a package contained 60 tablets of 500 milligram

---
[1] 21 C.F.R. § 101.105(c) will hereinafter be referred to as "Subsection (c)".

(mg) Vitamin C tablets, and if the PDP identified that the package contained 60 tablets, then the PDP was also supposed to accurately disclose that each tablet was 500mg. Based on Walters' reading of the express language of Subsection (c), VSI did not comply with Subsection (c) because it chose to use numerical count, identifying the number of tablets, but did not accurately identify the mg of each tablet, thereby failing to identify on the PDP the quantity of contents within the package. For example, if a package contained 60 tablets of Vitamin C that were each 500mg, VSI's PDP misled consumers into believing that there were 60 tablets that were 1,000mg each.

VSI, however, instead of relying on the express language of Subsection (c), contends that there are additional limitations identified by the FDA as expressed in FDA Warning Letters—letters that VSI selectively chooses. Specifically, VSI contends that based on such FDA Warning Letters, Subsection (c) is *only* triggered when the units within the package/container *vary* in weight, size, or measure from other units within the same package/container.

But, as explained in the Appellant's Reply Brief ("ARB"), none of the FDA Warning Letters relied upon by VSI expressly state that Subsection (c) is *only* triggered when units within the same container vary in size, weight, or measure from other units within the same container. And, as seen from other FDA Warning Letters where Subsection (c) was found to have been triggered (e.g., those that

2

Appellant seeks for the Court to judicially notice), whether units vary in size is not a dispositive fact that is analyzed, nor even mentioned, by the FDA. In these FDA Warning Letters, only the express language of Subsection (c) is analyzed; there is no additional test of whether the contents vary in size, weight, or measure. Given that in these FDA Warning Letters, Subsection (c) was found to have been triggered without performing any sort of "varying" analysis, such FDA Warning Letters refute VSI's position that the contents within the package must "vary" from one another.

VSI further argues that just because there was no mention of "varying" in these FDA Warning Letters does not mean that the individual units did not vary in size. But whether the units described in these FDA Warning Letters did or did not actually vary in size is immaterial. The critical point is that the FDA did not find the "varying" issue to be relevant in its analysis of whether Subsection (c) is triggered; instead, the FDA based its decision solely on the express language of Subsection (c).

> **b. Judicial Notice of the FDA Warning Letters on Reply is Appropriate, Especially Because They Were Presented in Response to VSI's Arguments, Arguments That VSI has Fully Briefed.**

VSI, relying on *In re Brazier Forest Products, Inc.*, 921 F.2d 221, 224 (9th Cir. 1990), argues that the Ninth Circuit does not consider matters on appeal that were not specifically and distinctly argued in appellant's opening brief, including issues of judicial notice raised for the first time in reply. VSI, however, disregards that the Ninth Circuit will make an exception to this general rule when: (1) the issue is raised in the appellee's brief, (2) if the failure to raise the issue properly did not prejudice the defense of the opposing party; *or* (3) for good cause shown or if a failure to do so would result in manifest injustice. *United States v. Salman*, 792 F.3d 1087, 1090 (9th Cir. 2015); see also *U.S. v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992), quoting *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (1986). Although only one exception must be met, here, each of the three exceptions is met.

First, these FDA Warning Letters that Appellant seeks for the Court to take Judicial Notice of were only introduced in response to VSI's BOA, which cited other warning letters in support of its (incorrect) interpretation of Subsection (c). To summarize, in the Appellant's Opening Brief ("AOB"), Appellant, relying solely on the express language of Subsection (c), argued that if the use of numerical count on the PDP "does not provide 'adequate information' as to the amount of product (mg) contained in the package," in accordance with Subsection (c), "Respondent [VSI] is required to provide a statement of the 'measure' of the

4

'individual units' in order to provide adequate information to the consumer." See AOB page 54.

In its BOA, VSI, disagreeing that a simple read of the express language of Subsection (c) is sufficient, argued that the FDA Warning Letters offer guidance as to the FDA's intent with respect to Subsection (c). That "unless the FDA's interpretation of its own regulations is erroneous or inconsistent with the regulations, the FDA's views are controlling". See BOA 24 (internal quotations omitted). Based on such FDA Warning Letters, VSI argued that "[S]ubsection (c) only comes into issue where the packaging in question contains an identifiable numerical count of units that <u>vary</u> in weight, size, or measure"; that "where the units of a product within a package are all the same size, measure or weight…subsection (c) does not apply…" BOA 22-23 (emphasis added).

As a rebuttal to VSI's argument raised in its BOA—that (i) there is more to the rule than expressly articulated in Subsection (c) and (ii) "[S]ubsection (c) *only* comes into issue where the packaging in question contains an identifiable numerical count of units that vary in weight, size, or measure" (emphasis added)—Appellant submitted additional FDA Warning Letters where Subsection (c) was triggered even though the "varying" issue was not relevant.

5

Therefore, had VSI not relied upon FDA Warning Letters in support of the BOA, Appellant would have had no need to rely on FDA Warning Letters to rebut VSI's argument raised in the BOA.

The Ninth Circuit has found that even if the lower court had considered a point in its ruling that was not raised in the opening brief, that issue can still be addressed in reply if the appellee raised that issue. See e.g., *Rosenbaum v. City & County of San Francisco*, 484 F.3d 1142, 1150 (9th Cir. 2007) (considering an issue that was not raised in the opening brief when "although appellants initially did not contest the district court's rulings on these matters, the [appellee] raised the scope of conduct issue in its brief and the appellants responded in their reply brief").

In submitting his AOB, Appellant should not be required to anticipate and address each argument that VSI may raise. Appellant could not know whether VSI would continue to make the same exact same or different arguments to this Court in its BOA.

Second, VSI has not suffered any prejudice because (1) VSI has had a full opportunity to brief its interpretation of Subsection (c) in its BOA; (2) it has had additional opportunity to put forth any additional arguments in opposing Appellant's Motion For Judicial Notice (e.g., arguing how such FDA Warning Letters are irrelevant); and (3) it will have an opportunity to present further oral

argument if necessary. *U.S. v. Salman*, 792 F.3d 1087, 1090 (2015) ("[a]s both parties have had a full opportunity to brief this issue and to address it at oral argument, the Government cannot complain of prejudice); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1072 (9th Cir. 2012) (finding no prejudice where parties had opportunity to brief the issue); *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619 n.4 (9th Cir. 2006) (considering issue not raised in opening brief where opponent had an opportunity to address the issue at oral argument). Thus, the second exception to the general rule is likewise satisfied here.

And third, manifest injustice will result if the judicial notice is not granted as to the FDA Warning Letters submitted by Walters. VSI itself has argued that the "FDA's views are controlling" and thus, if the Court chooses to interpret Subsection (c) by analyzing the FDA Warning Letters that address the issue, it should consider all relevant letters, not just those that VSI strategically selected. Doing so may result in an improper interpretation, and thus application, of Subsection (c). Additionally, this Court's interpretation of Subsection (c) may establish dangerous precedent to be relied upon by future courts.

### c. These FDA Warning Letters are Legal Authority, not Evidence.

VSI's last point—that Appellant cannot introduce new evidence on appeal that was not introduced to the lower court—lacks merit and is refuted by

7

arguments raised in its very own BOA. VSI, in its BOA, argued that FDA warning letters, such as those submitted by VSI in the lower court, and those submitted by Walters in this appeal "[do] not introduce new facts into the record, but instead merely provide[] the [ ] Court with FDA *guidance* on how FDA interprets its own regulations." See BOA 14 (emphasis added). Thus, Appellant is not introducing any new evidence or any new facts; instead, Appellant is introducing "FDA guidance on how FDA interprets its own regulations." In other words, the FDA Warning Letters are akin to legal authority, not facts. Walters is not precluded from raising legal authority that was not cited to the lower court. VSI itself has cited to authority that was not cited to the lower court.[2]

Even if the Court is inclined to not grant judicial notice, the Court can still rely on these FDA Warning Letters as guidance / legal authority. These FDA Warning Letters were cited to in the ARB as guidance / legal authority and, as stated in the ARB, were provided to the Court through the Judicial Notice mechanism simply for the Court's convenience. VSI has not moved to strike the citations to the FDA Warning Letters; thus, such letter can could and should still be relied upon.

---

[2] *Gemignani v. Pete*, 71 P.3d 87, 91 (Or. Ct. App. 2003), *Knappenberger v. Cascade Ins. Co.*, 487 P.2d 80, 83 (1971), and *Teater v. Pfizer, Inc.*, No. 3:05-cv-00604-HU, 2012 WL 3776366, at *9 (D. Or. June 27, 2012), for example, were all cited in VSI's BOA, but were not cited to the lower court.

3. **Conclusion**

For the foregoing reasons, Walters requests that the Court consider the FDA Warning Letters submitted by Walters.

DATED: March 28, 2016           **FOLEY BEZEK BEHLE & CURTIS LLP**
                                **BRADY MERTZ PC**
                                **RICK KLINGBEIL PC**


                                By: __s/ Justin P. Karczag_____
                                    Robert A. Curtis
                                    Justin P. Karczag
                                    Brady Mertz
                                    Rick Klingbeil
                                    Attorneys for Appellant
                                    and the Putative Class

9th Circuit Case Number(s) | 15-35592

NOTE: To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*********************************************************************

## CERTIFICATE OF SERVICE
When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Mar 28, 2016.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/Justin P. Karczag

*********************************************************************

## CERTIFICATE OF SERVICE
When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)                    .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)