No. 15-35592

───────────────────────

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

───────────────────────

LEE WALTERS, M.D., an Oregon resident,

Plaintiff-Appellant,

v.

VITAMIN SHOPPE INDUSTRIES, INC., a Delaware corporation,

Defendants-Appellee.

───────────────────────

Appeal from the United States District Court for the
District of Oregon (Portland Division)

Civil Case No. 3:14-cv-01173-PK (Judge Anna J. Brown)

───────────────────────

**APPELLANT'S OPPOSITION TO APPELLEE'S MOTION FOR LEAVE
TO SUBMIT SUPPLEMENTAL BRIEFING, OR, IN THE ALTERNATIVE,
TO STRIKE APPELLANT'S NEW ARGUMENTS MADE ON REPLY**

───────────────────────

Robert A. Curtis, SBN 203870
Justin P. Karczag, SBN 223764
**FOLEY BEZEK BEHLE &
CURTIS, LLP**
15 W. Carrillo Street
Santa Barbara, CA 93101
Telephone: (805) 962-9495
Facsimile: (805) 962-0722
Email: rcurtis@foleybezek.com;
         jkarczag@foleybezek.com

Brady Mertz, SBN 970814
**BRADY MERTZ PC**
345 Lincoln Street SE
Salem, OR 97302
Telephone: (503) 385-0121
Facsimile: (503) 375-2218
Email: brady@bradymertz.com

Rick Klingbeil, SBN 933326
**RICK KLINGBEIL PC**
2222 NE Oregon Street, Suite 213
Portland, OR 97232
Telephone: (503) 473-8565
Facsimile: (503) 442-9001
Email: rick@klingbeil-law.com

*Counsel for Plaintiff-Appellant Lee Walters, M.D.*

# TABLE OF CONTENTS

**Table of Authorities**................................................................................................ i

**1. INTRODUCTION**........................................................................................... 1

**2. SUMMARY OF ARGUMENT**...................................................................... 4

**3. THE COURT SHOULD CONSIDER THE *WILLIAMS V. GERBER* DECISION.**.................................................................................................... 5

    **a. The Reasoning Underlying the *Williams* Decision Was Raised in the AOB.**........................................................................................................ 5

    **b. Even if The Reasoning Underlying *Williams* was not raised in the AOB, the Court Should Still Consider it.**............................................... 9

    **c. The *Williams* Case is Controlling.**............................................... 12

**4. THE COURT CAN CONSIDER THE ARGUMENT THAT 21 C.F.R. § 101.105(C) APPLIES TO ITEMS THAT DO NOT COME IN STANDARD MEASURE.**.......................................................................... 13

    **a. Walters' Argument was Properly Raised on Reply.**..................... 13

    **b. To the Extent Subsection (c) is Only Triggered when Items "Vary" in Size, Measure, or Weight, Walters' Interpretation is Correct.**.......... 16

**5. CONCLUSION**.............................................................................................. 17

# TABLE OF AUTHORITIES

## CASES

*Gemignani v. Pete*, 71 P.3d 87 (Or. Ct. App. 2003).............................................. 10

*Hall v. City of L.A., 697 F.3d 1059 (9th Cir. 2012)* ............................................. 16

*Ibarra-Flores v. Gonzales*, 439 F.3d 614 (9th Cir. 2006) ................................ 11, 16

*Miller v. Fairchild Indus., Inc.*, 797 F.2d 727 (1986) ..................................... 10, 14

*Richards v. Home Depot, Inc.*, 456 F.3d 76 (2d Cir. 2006) ................................... 9

*Rosenbaum v. City & County of San Francisco*, 484 F.3d 1142 (9th Cir. 2007)... 14

*Teater v. Pfizer, Inc.*, No. 3:05-cv-00604-HU, 2012 WL 3776366, at *9 (D. Or. June 27, 2012)................................................................................................. 10

*U.S. v. Ullah*, 976 F.2d 509 (9th Cir. 1992) ..................................................... 10, 12

*United States v. Salman*, 792 F.3d 1087 (9th Cir. 2015)........................... 10, 14, 16

*Williams v. Gerber*, 552 F.3d 934 (9th Cir. 2008) ........................................ passim

## STATUTES

21 C.F.R.
   § 101.105(c) ................................................................................................... 13

Oregon Code of Professional Conduct,
   Rule 3.3 (a)(2) ............................................................................................... 11

**OPPOSITION**

## 1. Introduction

Appellee Vitamin Shoppe Inc. ("VSI") improperly attempts to preclude this Court from considering controlling authority and pertinent arguments that buttress the arguments that Appellant Lee Walters ("Walters") made in its opening brief that the district court's dismissal should be vacated. It is improper because there is no bar against citing additional legal authority in Reply that supports the legal arguments raised in the Appellant's Opening Brief ("AOB"), especially where it simultaneously refutes the legal authority provided in VSI's Response Brief ("ARB").

As to the controlling authority, in the case at bar, contrary to VSI's contention, Appellant, in the AOB, contended that the lower court incorrectly found—at the pleading stage—that there was no justifiable reliance when misrepresentations made on the Principal Display Panel ("PDP") were "taken back" by the information provided on the Supplemental Facts Panel ("SFP"). And, in support of this point—made from the very beginning of this Appeal—Appellant submitted in his reply, Ninth Circuit authority, *Williams v. Gerber*, 552 F.3d 934 (9th Cir. 2008) ("*Williams*"), that supports this argument. In *Williams*, the Ninth Circuit overturned the lower court's decision in which the lower court likewise

found that one could not reasonably rely when the misrepresentations on the PDP were "taken back" by information provided on the SFP.

In short, there is never any bar to citing this Court's own case precedent in reply where that precedent supports arguments that were raised in the opening brief.[1]

In a different vein, VSI is also wrong about Appellant's citation of Food and Drug Administration ("FDA") interpretations in reply. In Appellant's Opening Brief, Appellant chose to rely upon the plain text of the regulation governing labeling, 21 C.F.R. 101.105(c) (hereinafter referred to as "Subsection (c)"). In response, VSI chose to rely upon a selective segment of FDA interpretations that, according to VSI, result in an interpretation of the labeling regulation that differs from its plain meaning, and support VSI's position in its ARB. Critically, agency interpretations are not controlling, and, although the Magistrate Judge did make reference to them in his Findings and Recommendation—along with a multitude of other non-controlling arguments and authority—Appellant had no idea whether or not VSI would rely upon them here. Because the plain text of the regulation

---

[1] Note, *Williams v. Gerber*, 552 F.3d 934 (9th Cir. 2008) was not located by Appellant until the preparation of the Reply. VSI's contentions that there was intentional withholding of this authority is belied by the fact that would mean that Appellant intentionally chose to not utilize the authority in the trial court or in the opening brief, but to what end? Ensuring that there would be a needless briefing in the Court of Appeals? That serves no purpose to Appellant in this consumer class action.

supports Appellant's position, and there was no controlling authority on Subsection (c) that required any distinguishing by Appellant in its AOB, Appellant did not cite to any FDA Warning Letters in the AOB. In short, Appellant was under no duty to bring forth legally non-controlling interpretations of Subsection (c) that seem to help VSI, and then dispel them in its opening brief, on the hunch that VSI would raise them in opposition.

But, in the end, VSI selectively cited certain FDA Warning Letters regarding Subsection (c) in its ARB, and all that Appellant did is complete the record by providing the full picture with FDA Warning Letters regarding the same subsection. If anything, VSI's tactics of selectively citing FDA Warning letters, cherry picking those that support its position and omitting those that do not, create a harm and a danger, that can only be dispelled by Appellant's completion of the record.

Consequently, as shown below, contrary to VSI's contentions, Appellant did not improperly raise new arguments in the ARB.

/// 

/// 

/// 

/// 

///

## 2. **Summary of Argument**[2]

As to the *Williams* case:

First, Appellant argued in the AOB that the lower court incorrectly found that the SFP could "take back" representations made on the PDP, and any authority related to that proposition—e.g., the *Williams* case—are properly cited to in the Reply.

Second, to the extent the reasoning of *Williams* was not raised in the AOB, it was raised in response to new authority cited in VSI's BOA (authority that was never cited to the lower court), and thus, is appropriately raised in the ARB.

Third, *Williams* is controlling authority from this Circuit, directly applicable to the case at bar, which if not considered, could result in a conflicting decision from this Court. Here, like in *Williams*, the SFP directly contradicts the PDP—the PDP provides, for example, that each tablet is 1,000mg, but the SFP states that each tablet is 500mg. And, while the underlying claim in *Williams* concerned California consumer protection statutes, it is the reasoning of *Williams*, that applies here—e.g., that (a) a reasonable consumer need not look beyond representations on the PDP to discover the truth on the SFP since reasonable consumers expect

---

[2] To support its argument that there was improper citation in the Reply brief, VSI mixes together procedural arguments, as well as arguments on the merits, in its motion to strike. Consequently, Walters must address both as well, because he cannot risk having the briefing before this Court on the motion contain a record only of VSI's version of the merits. However, Walters directs the focus of his brief to the procedural arguments as much as possible, given VSI's tactic.

information on the SFP to confirm (rather than contradict) representations on the PDP; and (b) the FDA did not require information on the SFP to shield manufacturers from liability of misrepresentations made on the PDP.

As to the FDA Warning Letters:

First, Appellant's interpretation of Subsection (c) based on the FDA Warning Letters was properly raised in reply because it was done so directly in response to arguments made by VSI in its BOA.

Second, VSI will not be prejudiced because it has had every opportunity to brief its interpretation and it did so.

For the foregoing reasons, VSI's Motion should be denied in its entirety. In the alternative, the Court should allow VSI's supplemental brief to be filed, along with Appellant's supplemental brief, as this is consistent with the briefing posture of appeals.

### 3. The Court Should Consider the *Williams v. Gerber* Decision.

#### a. The Reasoning Underlying the *Williams* Decision Was Raised in the AOB.

VSI contends that Walters "waited until his Reply Brief to advance two new, but erroneous, legal arguments." One such argument that VSI contends is new is the reasoning underlying the *Williams v. Gerber*, 552 F.3d 934 (9th Cir. 2008) case, where the Ninth Circuit Court of Appeal reversed the lower court's ruling,

and held that a consumer can justifiably rely on the PDP containing a misrepresentation even though that misrepresentation is "taken-back" by information provided on the SFP. Specifically, *Williams* found that:

> The district court suggests that "no reasonable consumer upon review of the package as a whole would conclude that Snacks contains juice from the actual and fruit-like substances displayed on the packaging particularly where the ingredients are specifically identified [on the side of the package]." [Citation] **We disagree with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box**. The ingredient list on the side of the box appears to comply with FDA regulations and certainly serves some purpose. **We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception**. Instead, **reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging**.

*Williams*, 552 F.3d at 939-940.

This argument buttressed by the *Williams* case—that the SFP could "take back" misrepresentations made on the PDP—is absolutely not new, and was fully argued in the AOB. The AOB argued, among other things, that:

- [T]he Magistrate Judge found there was nothing misleading about providing certain required facts on the Principal Display Panel ("PDP"), but then information that changes those facts, e.g., a "take-back", on the back of the container in smaller print, arguing by analogy to contract law with fine print.

However, the Magistrate Judge never looked at the products themselves to analyze the disclosure as it actually appeared and never took any evidence as to how the products appeared in the stores or what the purchasing process was like. AOB 5.

- [T]here is nothing on the PDP that says that any of the information is subject to modification or alteration by turning to the back of the package/bottle….Given the big bold large font type on the PDP, which contains only the amount of capsules/tablets/chews and the amount that each should have, it could be that the consumer might never ascertain that buried within the small print on the back is something that tries to "take back" that representation. AOB 15.

- [A]s to the fraud claim (Claim 4), the Magistrate Judge found that VSI's sale of supplements was not misleading because regardless of whether the PDP led the consumer to rely on a misleading statement, the small print on the back of the bottle provided a full explanation or "take-back", such that nothing about the product sale was misleading. AOB 22-23.

- That is precisely what Vitamin Shoppe is doing here, and this is precisely what would not be allowed for shrink wrap labeling licenses because the result is not just a "take-back" but it is to mislead the customer as to what he or she is purchasing. AOB 33.

- The Magistrate Judge … found that Appellant's claims failed … because justifiable reliance cannot be established where plaintiff fails to "take some measure to safeguard her own interests," such as failing to take advantage of the "contractual terms" or available on the back panel, citing *Kreidler, Placencia*, and *Gregory*. However, the Magistrate Judge was wrong on both the law and the facts. AOB 43-44.

- Finally, as discussed more fully below, as a purely factual matter, the notion that Appellant could not have been misled by the PDP that failed to contain the qualifying language is particularly interesting given that the industry standard, set forth at 21 CFR 101.105, is that accurate information regarding quantities of supplement appear *on the front-facing PDP*. Apparently, the Magistrate Judge believed that plaintiff should have—as a matter of law—distrusted the clear and unequivocal standardized information printed on the PDP (apparently but not actually in compliance with the FDA rules at 21 CFR 101.105 because of its falsity) and searched the back of the packaging to see if he was being misled or defrauded. But, Appellant had the right to rely—and did rely—on the standardized factual information on the PDP. AOB 48.

- The Vitamin Shoppe's argument that the information is *supplemented* or *clarified* by the information contained on the information panel on the back of the containers (per 101.36) does not escape the fact that, at the very least, it

was required to include the <u>measure of the quantity of each individual unit on the PDP</u>. Based on a plain reading of the Act, "clarifying" information elsewhere on the packaging does not meet this standard….In other contexts, supplemental information has been found wholly inadequate. *See*, *e.g.*, *Richards v. Home Depot, Inc.*, 456 F.3d 76, 80-81 (2d Cir. 2006) (in applying Federal Hazardous Substances Act, requirement that warnings be provided on product's "primary panel" are not met when warnings are placed on other information panel located on product). AOB 54.

Therefore, this purportedly "new" argument has been significantly argued from the very beginning of this appeal. The *Williams* decision simply buttresses the argument raised in the AOB that the Magistrate Judge incorrectly found that a consumer cannot be misled when the misrepresentation is "taken-back" on the SFP. Because it is not new, it is not prohibited.

### b. Even if The Reasoning Underlying *Williams* was not raised in the AOB, the Court Should Still Consider it.

Assuming, *arguendo*, that VSI is correct that arguments regarding the *Williams* reasoning were never raised in the AOB, raising such arguments in Reply are appropriate in this case. The Ninth Circuit will make an exception to the general rule that arguments cannot be raised unless raised in the AOB when: (1) it is raised in VSI's brief, (2) if the failure to raise the issue properly did not

prejudice the defense of the opposing party; *or* (3) for good cause shown or if a failure to do so would result in manifest injustice. *United States v. Salman*, 792 F.3d 1087, 1090 (9th Cir. 2015); see also *U.S. v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992), quoting *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (1986). Although only one exception must be met, here, each of the three exceptions is met.

Here, in the BOA, VSI cites to new cases—ones that were never cited to the lower court—supporting its position that Walters could not have justifiably relied on the misrepresentations on the PDP because of the information provided on the SFP (relying on standard contract principles, analogizing this case to contracts). For example, VSI argued that, under *Gemignani v. Pete*, 71 P.3d 87, 91 (Or. Ct. App. 2003), when a UTPA claim is "based on a reading of the contract that cannot be sustained by the wording," the UTPA claim fails. BOA 46.

VSI cites to other cases in support of its fraud and UTPA arguments that were not cited to the lower court. See e.g., *Teater v. Pfizer, Inc.*, No. 3:05-cv-00604-HU, 2012 WL 3776366, at *9 (D. Or. June 27, 2012).

While Appellant did plead a breach of contract cause of action, this is not a contract case in the typical sense—e.g. one involving a collated (or numerically numbered) paper or electronic document with signatures of the parties on the last page; rather, this is a mislabeling case, one involving both fraud and a violation of

the Oregon Unlawful Trade Practices Act ("UPTA"). And, in response to new authority raised by VSI (never raised to the lower court)—supporting its argument that contract principles govern this mislabeling case and that all terms (including those on the SFP) must be considered—Walters, in rebuttal, argued that, in basing its argument on contract principles (and disregarding that this is truly a mislabeling case) VSI's "response attempts to have this Court surreptitiously overturn its prior ruling in *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 939-40 (9th Cir. 2008)." By arguing that all terms must be considered and that a consumer cannot be said to have relied when the SFP discloses the truth, *Williams'* finding that, in a mislabeling case, a reasonable consumer can rely on the PDP without reviewing the package as a whole, would be effectively reversed.[3]

Second, VSI is not prejudiced because VSI will have an opportunity to present additional oral argument on the issue. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619 n.4 (9th Cir. 2006) (considering issue not raised in opening brief where opponent had an opportunity to address the issue at oral argument). Thus, the second exception to the general rule is satisfied here.

---

[3] VSI had a duty to bring the *Williams* case to the Court's attention. See Oregon Code of Professional Conduct, Rule 3.3 (a)(2) ("[a] lawyer shall not knowingly … fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel").

And third, manifest injustice will result if controlling Ninth Circuit authority is not considered—especially authority that supports arguments raised in the AOB. A finding that one could not have relied when the SFP "takes back" the misrepresentation made on the PDP is "plain error" in light of the *Williams* decision, and thus, such issue can be raised in a reply and appropriately considered by the Court.    See e.g., *U.S. v. Ullah*, 976 F.2d 509, 514 (9th Cir. 1992) (considering issues of "plain error" raised for the first time in a reply because "reversal of such error is 'necessary to prevent a miscarriage of justice,' [Citation], and hence is required even if the error is not properly raised.").

### c. The *Williams* Case is Controlling.

VSI argues that unlike in *Williams* the SFP here does not contradict the PDP. But, as addressed in more detail in Appellant's Supplemental Brief,[4] VSI's conclusory statement that there is no contradiction is not enough to rebut that, in the case at hand, the SFP undoubtedly contradicts the PDP.

The PDP provides, for example, "Vitamin C", "1,000mg", and "100 tablets". Any reasonable consumer would understand this to mean that there are 100 tablets of 1,000mg Vitamin C.  These are fixed, unambiguous terms, unlike terms such as "all natural" which could be understood differently by different individuals. The

---

[4] To the extent the Court grants VSI leave to file a supplemental brief, Appellant requests that the Court consider his Supplemental Brief as well, which is attached hereto as Exhibit A.

SFP, however, contradicts the fixed unambiguous terms made on the front, and provides that each tablet is only 500mg, not 1,000mg, because in order to reach 1,000mg, two tablets must be taken.

VSI further contends that *Williams* is inapplicable because it concerned California consumer protection statutes. But, the reasoning of *Williams* was not limited to such claims. *Williams* explained what a reasonable consumer would expect—which is that the PDP contains accurate statements and that there is no need to confirm the accuracy of such statements from the SFP—and what the FDA's intent was—that the SFP does not act as a shield to protect a manufacturer from misrepresentations made on the PDP. It cannot be said that under, for example, the Oregon UTPA, a consumer cannot justifiably rely on the representations made on the PDP when "taken back" by information on the SFP, but, under the California consumer protection statutes, a consumer can reasonably rely.

**4. The Court Can Consider the Argument that 21 C.F.R. § 101.105(c) Applies to Items that do not Come in Standard Measure.**

**a. Walters' Argument was Properly Raised on Reply.**

VSI seeks to preclude Walters from advancing arguments raised in response to those that VSI raised in its BOA, and which directly rebut such arguments.

13

Here, any arguments regarding any "varying" in size, weight, or measure, were made in direct response to arguments raised by VSI, and thus, are appropriately raised on appeal, even if in the ARB. See e.g., *States*, 792 F.3d at 1090; see also *Ullah*, 976 F.2d at 514, quoting *Miller*, 797 F.2d at 738. The Ninth Circuit has found that even if the lower court had considered a point in its ruling that was not raised in the opening brief, that issue can still be addressed in reply if VSI raised that issue in its BOA. See e.g., *Rosenbaum v. City & County of San Francisco*, 484 F.3d 1142, 1150, n.3 (9th Cir. 2007) (considering an issue that was not raised in the opening brief when "although appellants initially did not contest the district court's rulings on these matters, [respondent] raised the scope of conduct issue in its brief and the appellants responded in their reply brief.") In submitting his AOB, Appellant should not be required to anticipate and address each argument that VSI *may* raise. Appellant could not know whether VSI would continue to make the same exact arguments to this Court that it made to the lower court.

Here, to summarize one of Walters' arguments on appeal, raised in the AOB, because VSI, on the PDP declared the quantity of contents using numerical count—e.g., 100 tablets Vitamin C—under Subsection (c), VSI was obligated to accurately identify the correct measure of the quantity of contents within the package. Specifically, in the AOB, Plaintiff, relying solely on the express language of Subsection (c), argued that if the use of numerical count on the PDP

"does not provide 'adequate information' as to the amount of product (mg) contained in the package" in accordance with Subsection (c), "[VSI] is required to provide a statement of the 'measure' of the 'individual units' in order to provide adequate information to the consumer." See AOB page 54.[5]

In response to the AOB, VSI, in its BOA, inferring that a simple read of the express language of Subsection (c) is insufficient to ascertain the FDA's intent, argued, based on FDA Warning Letters, that "[S]ubsection (c) only comes into issue where the packaging in question contains an identifiable numerical count of units that *vary* in weight, size, or measure"; that "where the units of a product *within a package* are all the same size, measure or weight…[S]ubsection (c) does not apply…". BOA 22-23 (emphasis added).

As a rebuttal to VSI's argument raised in its BOA—that based on FDA Warning Letters, Section (c) does *not* apply when the individual units within the package are the same weight, size, or measure—Appellant argued that (1) the FDA

_____

[5] Thus, for example, if a package of Vitamin C contained 60 tablets of Vitamin C and each Tablet was 500 mg, then the PDP had to accurately identify that there are 60 tablets of Vitamin C and that each is 500 mg, informing the consumer that he or she is purchasing a total of 30,000mg of Vitamin C. Here, however, Walters contends that VSI did not comply with Subsection (c), because VSI did not accurately disclose the correct measure of contents contained in the package. If a package contained 60 tablets of Vitamin C that were each 500 mg, the PDP stated that there were "60 tablets" and "1,000 milligrams," misleading the consumer to believe that he or she is purchasing 60 tablets of 1,000mg Vitamin C for a total of 60,000mg of Vitamin C.

did not intend that the individual units had to vary (as seen from other FDA Warning Letters cited to and submitted by Walters); and (2) to the extent the units did have to vary, they did not have to vary *within the same package*, but had to be units that did not come in a standard, fixed size, and instead, could vary in general from package to package or brand to brand. ARB 15-16.

Thus, had VSI not raised the "varying" argument in its BOA, Walters would have had no reason to raise these arguments (in response to VSI) in its ARB.

Moreover, VSI has not suffered any prejudice, and thus, any "varying" arguments raised in the ARB are appropriately raised for the first time during the appeal. VSI has had a full opportunity to brief its own interpretation of Subsection (c), and will have an opportunity to present additional points at oral argument.

Furthermore, if the Court grants VSI leave to submit additional argument, VSI will have had full opportunity to raise any and all arguments regarding Subsection (c). *Salman*, 792 F.3d at 1090; *Hall v. City of L.A., 697 F.3d 1059, 1072 (9th Cir. 2012)*; *Ibarra-Flores*, 439 F.3d at 619 n.4.

> **b. To the Extent Subsection (c) is Only Triggered when Items "Vary" in Size, Measure, or Weight, Walters' Interpretation is Correct.**

Cognizant that it has no substantively legitimate response to the analysis set forth in Walters' ARB (rebutting VSI's interpretation of Subsection (c)), VSI can

only provide analytically vapid, conclusory arguments. Specifically, while Walters provided pages of analysis and examples supporting his interpretation of Subsection (c), the best response that VSI provides is that: "[t]his argument…flies in the face of both the FDA's interpretation of Subsection (c) and of the District Court's decision, which found that Subsection (c) applies to products "incomparable" to VSI's Products."

VSI provides no additional analysis explaining how Walters' interpretation (which is based on and analyzes FDA Warning Letters, including those submitted by VSI) is incorrect. Moreover, it is unpersuasive to argue that Walters' interpretation flies in the face of the District Court's decision—the very decision that is being appealed. No appeal would ever be reversed if arguments raised on appeal cannot run contrary to the lower court's decision.

### 5. **Conclusion**

For the foregoing reasons, Walters requests that the Court find that his arguments identified in VSI's Motion to Strike were not improperly raised on Reply. But, to the extent the Court finds that these arguments were improperly raised on Reply, such arguments should not be stricken, especially if VSI is given an opportunity to file a supplemental brief in response thereto.

If VSI is allowed to file a supplemental brief, Walters requests that the Court allow him leave to submit his own supplemental brief in response to the points

raised in VSI's supplemental brief. Given that Walters filed this appeal and that appellants are typically given the last word in the Reply Brief, Walters should be permitted to have the last word on these issues. Walters' proposed supplemental brief is attached hereto as Exhibit A.

DATED: March 31, 2016      **FOLEY BEZEK BEHLE & CURTIS LLP**
                                     **BRADY MERTZ PC**

                                   By: __s/ Justin P. Karczag_____
                                           Robert A. Curtis
                                         Justin P. Karczag
                                         Brady Mertz
                                         Rick Klingbeil
                                         Attorneys for Appellant
                                         and the Putative Class

9th Circuit Case Number(s) | 15-35592

NOTE: To secure your input, you should print the filled-in form to PDF (File > Print > PDF Printer/Creator).

**************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | March 31, 2016 | .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/Justin P. Karczag

**************************************************************************

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | | .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format) |